Brady BELCHER et al., Appellants,

v.

BIRMINGHAM TRUST NATIONAL BANK, as Trustee, etc., Appellee.

No. 26097.

United States Court of Appeals Fifth Circuit.

May 21, 1968.

Erle Pettus, Jr., Birmingham, Ala., for appellants.

Robert B. Donworth, Jr., Birmingham, Ala., Robert H. Loeb, Ralph B. Tate, Birmingham, Ala., for appellee.

Before TUTTLE and DYER, Circuit Judges, and MEHRTENS, District Judge.

DYER, Circuit Judge:

This case is before us on appellant's motion for a stay pending appeal. At the outset we emphasized that in our consideration of this matter we are not called upon to, nor do we, make any determination of the substantive issues or the merits of the appeal.

As outlined in Virginia Petroleum Job. Ass'n v. Federal Power Comm., 1958, 104 U.S.App.D.C. 106, 259 F.2d 921, 925, four factors must be considered in determining whether appellants have shown sufficient reason for granting the extraordinary remedy of stay pending appeal. The first factor is whether movants have made a strong showing that they are likely to succeed on the merits of the appeal. As pointed out in *Virginia Petroleum*, "Without such a substantial indication of probable success, there would be no justification for

the court's intrusion into the ordinary processes of administration and judicial review." Id.

In this connection, appellants allege in their petition only that "the most important question involved in the appeal is the diversity jurisdiction of the District Court of all claims against appellants" because Birmingham Trust as title holder of trust property should have been realigned with the plaintiff. On the record before us we think there is a great likelihood that, as between the plaintiff and Birmingham Trust, there were bona fide, hostile and adverse interests upon which diversity jurisdiction may have been properly founded and, without expressing any view on the ultimate merits of the appeal, we are of the opinion that appellants have not made the requisite "substantial showing of probable success."

The second factor to be considered is whether movants have shown that unless a stay is granted *they* will suffer *irreparable* injury. The petition alleges that the dissolution of the two partnerships ordered by the District Court would irreparably harm the corporation involved in the litigation thereby affecting the hundreds of people employed by the corporation. This will not suffice. We have found nothing to support the ultimate conclusion stated that *appellants* would be irreparably harmed by dissolving the partnerships, and the assertion that the corporate employees might be adversely affected (which has no relevancy) seems, in any event, to be a remote and future consequence since the corporation has not been ordered dissolved.

The third factor, whether a stay would substantially harm other parties to the litigation, need not be considered in this case since it comes into play only when there has been a showing by the movants of probable success and irreparable injury.

Likewise, the fourth factor, "Where lies the public interest?" id, has little bearing here. Appellants' attempt to establish a public interest by pointing to the alleged plight of the employees of the corporation is not persuasive. While the public interest factor is "crucial" in litigation over regulatory statutes such as the one involved in *Virginia Petroleum,* in the circumstances of this case, at least, the employees' desire for job security during the time of appeal cannot be equated with a *public interest* that must be considered in arriving at a stay determination. Nevertheless, the District Court did consider the interests of these employees and, commensurate with the exigencies inherent in litigation, made every effort to give them security in its decree.

Being of the firm view that appellants have failed to carry their burden of showing sufficient grounds for granting the extraordinary remedy of stay pending appeal, their motion is

Denied.