**Brady BELCHER et al., Petitioners,**

v.

**Honorable H. H. GROOMS, Judge of the United States District Court for the Northern District of Alabama, Respondent.**

No. 26466.

United States Court of Appeals
Fifth Circuit.

Dec. 26, 1968.

Charles Alan Wright, New Haven, Conn., Jerry A. Brown, Malcolm L. Monroe, Benjamin R. Slater, Jr., New Orleans, La., Erle Pettus, Jr., W. Eugene Rutledge, Birmingham, Ala., for petitioners.

Harry R. Teel, Robert H. Loeb, Robert B. Donworth, Jr., Ralph B. Tate, Charles E. Clark, Birmingham, Ala., for respondent.

Before WISDOM and GODBOLD, Circuit Judges, and HUGHES, District Judge.

PER CURIAM:

Petitioners have pending before this court appeals from decrees of the district court, docketed as No. 26097, Belcher v. Birmingham Trust Nat'l Bank, as Trustee, but not yet calendared for hearing. In this separate proceeding for mandamus or writ of prohibition against the district judge they seek to have us decide that he was without jurisdiction in No. 26097. This we decline to do.

Charles Belcher, a citizen of Florida, is the beneficiary of a trust of which Birmingham Trust National Bank is trustee. The principal trust assets are minority interests in various enterprises of the W. E. Belcher family. Charles Belcher sued in the district court against: (1) the trustee bank, charging it with breach of fiduciary duties; (2) the "Brady Belcher group," who hold the majority interests in the Belcher enterprises, charging them with fraud, mismanagement and dissipation of assets; (3) Mrs. Davis, another owner of a minority interest; (4) the enterprises themselves, chiefly one corporation and two partnerships. All these defendants are Alabama citizens.[1] The bank by cross-claim made charges against the Brady Belcher group similar to those asserted by Charles. Mrs. Davis filed a cross-claim against the Brady Belcher group similar to that of the bank.

The district judge declined repeatedly to realign the bank as a party plaintiff, which would have destroyed diversity. In the decrees appealed from he made specific findings that there was an actual and substantial controversy between the plaintiff and the bank.

Decrees were entered granting to Charles extensive relief—an injunction, accounting, dissolution of two partnerships, and other relief, against the Brady Belcher group, and a substantial judgment, in the amount of several hundred thousand dollars, against the bank for negligence in administering the trust (the bank as cross claimant was given a right of indemnity for this judgment against two members of the Brady Belcher group). Effectuation of the decrees was commenced. The district court appointed receivers who proceeded to dissolve the two partnerships. The trustee and Mrs. Davis filed a motion for dissolution of the corporation. Meanwhile the Brady Belcher group appealed under 28 U.S.C.A. § 1292(a) (1), (2).[2] Several motions for stays have been denied in the district court and this court, including a motion (in No. 26097) submitted on briefs and oral argument to a panel of Tuttle and Dyer, Circuit Judges, and Mehrtens, District Judge, and denied with written opinion on May 21, 1968. 395 F.2d 685 (5th Cir. 1968).

---

1. Another Florida citizen intervened as a plaintiff.

2. The bank has cross-appealed from portions of the decrees adverse to it, entered pursuant to Rule 54(b), Fed.R.Civ.P.

The Brady Belcher group then filed this action, No. 24466, and the court issued a show cause order. By various motions, all unsuccessful, petitioners have sought to delay the normal movement of No. 26097 toward calendaring for hearing and submission. The petitioners acknowledge, as they must, that their purpose is to shortcut the pending appeal, by employing mandamus as a vehicle for decision of the jurisdictional issue, which they admit will, if decided in their favor, render the appeal substantially moot.

They are met at the threshold with the fact that in the opinion of May 21, 1968 denying a stay, Judges Tuttle, Dyer and Mehrtens decided, *inter alia*, that there was "a great likelihood that, as between plaintiff and Birmingham Trust, there were bona fide, hostile and adverse interests upon which diversity jurisdiction may have been properly founded * * *." 395 F.2d at 686. Petitioners say this may be the law of the case but that it is so clearly erroneous we should disregard it and make a new and independent examination of the question of jurisdiction.

Petitioner's argument is twofold. First, that there is "serious doubt" whether the district court had jurisdiction, therefore mandamus is available in aid of our appellate jurisdiction and to confine an inferior court to a lawful exercise of its prescribed jurisdiction, Roche v. Evaporated Milk Ass'n, 319 U.S. 21, 26, 63 S.Ct. 938, 87 L.Ed. 1185 (1943). Petitioners urge upon us that the district court decrees will be so effectuated by the time the appeal is decided that the Belcher enterprises will be dissolved. Second, that the suit is a double derivative action, i.e., by Charles as beneficiary of the bank as trustee, which in turn, as shareholder of the corporation, is beneficiary of a fiduciary relation,[3] and thus the bank is correctly aligned in interest with Charles. At some risk of oversimplification, respondent's answer to this may be described as being that the "double derivative" characterization is neither correct nor controlling and that in any event the substantial adverse interest of plaintiff and the bank makes it proper that the bank be a defendant.

As to the first point, the panel which on May 21, denied a stay held: "We have found nothing to support the ultimate conclusion stated that *appellants* would be irreparably harmed by dissolving the partnerships * * *." 395 F. 2d at 686 (emphasis in original). Dissolution of the partnerships took place several months ago. Costly work on an accounting and appraisals already is in progress and sale of some of the partnership lands already has been ordered. The corporation has not been dissolved. The motion requesting dissolution has been continued from time to time. We are suggesting to the district court that there be no dissolution pending determination of the appeal. As to the second point, the district court, on a record consisting in this court of more than 60 typed volumes and covering years of complex and intricate dealings, found that the interests of Charles and the bank were antagonistic.

There is no lack of jurisdiction apparent on the fact of the record, no showing of a judicial usurpation of power, Will v. United States, 389 U.S. 90, 88 S.Ct. 269, 19 L.Ed.2d 305 (1967). There is no refusal to be guided by established doctrines governing jurisdiction. Even if we closed our eyes to the substantial judgment in favor of the plaintiff against the bank for negligent performance of trust duties, it still would be apparent that ultimate determination of the correctness of the refusal of the district judge to realign the bank as plaintiff rests on hotly contested and compli-

---

3. E. g., Goldstein v. Groesbeck, 142 F.2d 422, 425, 154 A.L.R. 1285 (2d Cir. 1944). Petitioners disclaim any reliance upon availability of mandamus under the general supervisory power of the court.

E. g., La Buy v. Howes Leather Co., 352 U.S. 249, 77 S.Ct. 309, 1 L.Ed.2d 290 (1957); In re Watkins, 271 F.2d 771, 773 (5th Cir. 1959).

cated factual matters that run through the mammoth record before the district court, and with respect to which the trial judge made findings against the petitioners. [4]

■■ We decline to frustrate the ordinary process of appeal and to dilute the extraordinary circumstances under which mandamus is an appropriate remedy. In so deciding we need not pause to determine whether the May 21 denial of a stay is or is not the law of the case, for in any event the writ should not issue. Mandamus is a drastic and extraordinary writ reserved for genuinely extraordinary cases. Ex Parte Fahey, 332 U.S. 258, 67 S.Ct. 1558, 91 L.Ed. 2041 (1947).

This case is long and intricate, it involves great amounts of money and property, the losers disagree with the judge's findings of fact and his application of the law thereto, and pending appeal they want to maintain such of the status quo ante bellum as is left. All these matters are of great importance to the losers, but they are not extraordinary in the legal sense.

Neither the denial of the writ, nor anything we say in this opinion, is a determination of whether the district court did or did not have jurisdiction, or an indication of our views on that issue. The correctness of the trial court's rulings on jurisdiction is an issue to be decided in the pending appeal under normal and ordinary appellate procedures, upon detailed consideration of the record, and application of established standards of judicial review.

On oral argument there has been speculation by counsel whether pending the appeal the trial judge proposes to require the corporation be dissolved. No basis has been shown for this court to interfere with his discretion in that regard, and we do not do so. We do sug-

gest—and it is a suggestion and neither a mandate nor an indication that we feel there are grounds for a mandate—that he may wish to consider deferring dissolution until after disposition of the appeal. We make no such suggestion concerning other enterprises or disposition of assets of the partnerships.

The writ is denied.

---

4. Following a prehearing conference, held before a judge of this panel to try to establish an understanding between this court and counsel of just what record was before the court in support of and in opposition to the application for a writ, the petitioners requested that the entire record in No. 26097 be considered. Both sides urged special consideration of identified parts of the record.