Donald G. ADAMS, Plaintiff-Appellee,

v.

Daniel WALKER, a/k/a Dan Walker, Individually and as Governor of the State of Illinois, Defendant-Appellant.

No. 73-1491.

United States Court of Appeals, Seventh Circuit.

June 27, 1973.

William J. Scott, Atty. Gen., Herbert L. Caplan, Asst. Atty. Gen., Chicago, Ill., for defendant-appellant.

Richard A. Hollis, Springfield, Ill., for plaintiff-appellee.

Before FAIRCHILD, PELL and STEVENS, Circuit Judges.

PELL, Circuit Judge.

This matter is before the court on the emergency motion of the defendant Daniel Walker, Governor of the State of Illinois, requesting a stay of the orders of the United States District Court for the Southern District of Illinois pending the disposition of the appeal from said orders. The plaintiff-appellee has filed his response to the granting of such a stay. A temporary stay was granted by this court pending further

study of the immediate matter. We are not now making any final determination of the substantive issues or of the ultimate merits of the appeal. Nevertheless, one of the primary considerations for this court's present determination must be whether the appellant has made a strong showing that he is likely to prevail on the merits of his appeal. Miltenberger v. Chesapeake & Ohio Railway, 450 F.2d 971, 974 (4th Cir. 1971). The relief here requested has been termed an extraordinary remedy. Belcher v. Birmingham Trust National Bank, 395 F.2d 685, 686 (5th Cir. 1968).

In *Belcher,* other factors for consideration are set forth: (a) whether movants have shown that unless a stay is granted they will suffer irreparable injury; (b) whether a stay would substantially harm other parties to the litigation; and (c) where lies the public interest? 395 F.2d at 686.

■ We consider the various applicable factors in reverse order. The appellant has not demonstrated any public interest overriding the asserted claims of impermissible deprivation of constitutionally protected rights to due process. Likewise, the appellant has not negated the real likelihood of substantial harm to the appellee, the only other party to the litigation, during an appeal-related stay. We do not deem it to be a satisfactory answer to say, as does the appellant, that if the appellee ultimately prevails he will be deemed to have held office continuously since his purported removal from office. Such retroactive balm would scarcely heal the wounds of divestiture from a statutorily specified term of office under the cloud of an assertion by the chief executive of the state of "incompetence, neglect of duty and malfeasance in office and other cause."

As we read the appellant's motion he does not purport to claim that he will suffer irreparable injury unless a stay is granted unless such a claim is found in the averment that in the absence of a stay the district court "threatens to immediately impose sanctions against defendant." A violation of a court order may well produce the imposition of sanctions. That other purported appointees to a vacancy predicated upon constitutionally impermissible grounds may suffer harm, such persons not being parties to this litigation, is not here persuasive, particularly in the absence of a more clearly demonstrable entitlement on their part.

Turning then to the remaining factor, and without expressing any opinion on the ultimate merits of the appeal, we are of the opinion that the appellant has not made the requisite substantial showing of probable success.

■ We do not undertake lightly an intrusion into the affairs of state government. However, the wording of 42 U.S.C. § 1983 is clear: "Every person who, under color [of state law] subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." While the appellant was entitled under Article 5, § 10 of the Illinois Constitution, S.H.A., to remove the appellee for incompetence, neglect of duty, or malfeasance in office, it has not been demonstrated to us thus far in the case of appellee who held his office for a six year term pursuant to Chap. 43, § 98, Ill.Rev.Stat., that he was not entitled to due process of law as guaranteed by the Fourteenth Amendment to the United States Constitution as a part of the removal. Board of Regents v. Roth, 408 U.S. 564, 573, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Fiat does not meet the standard and thus far nothing has been demonstrated to us regarding even a pretext of due process. The conclusory language of the discharge telegram merely repeating the wording of the Illinois constitutional provision with the added ambiguous "and other cause" is certainly not sufficient for due process requirements.

The result we reach is one which we probably would have reached in other

factual situations more quickly than we have here but because of significant underlying aspects of comity in the present case we have deemed it desirable to accord nonprecipitous attention to the claim for stay. Having done so, we are not persuaded that the stay pending appeal should be granted. Accordingly, the stay entered by this court on June 4, 1973, is now vacated and dissolved and the appellant's motion for a stay pending appeal is denied.

It is so ordered.