In re Gerald W. MOODY, Debtor-in-Possession, and Jermoo's Incorporated, Debtor-in-Possession, Plaintiffs,

v.

AMOCO OIL COMPANY, Defendant.

Nos. LM–11–83–00167, LM–11–83–00168. Adv. No. 83–0113.

United States District Court, W.D. Wisconsin.

June 28, 1983.

Michael P. Erhard, Michael B. Van Sicklen, Foley & Lardner, Madison, Wis., for plaintiffs.

Gregory E. Scallon, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for defendant.

Patricia M. Gibeault, Brynelson, Herrick, Gehl & Bucaida, Madison, Wis., for creditors' committee.

## ON MOTION FOR STAY PENDING APPEAL

SHABAZ, District Judge.

In its order dated June 2, 1983, the Bankruptcy Court for the Western District of Wisconsin, Judge Robert D. Martin presiding, held that plaintiffs Gerald Moody and Jermoo's Inc., (hereinafter plaintiff), the debtors in possession in the adversary proceeding, had no right to assume certain contracts in issue and that plaintiffs were not entitled to enjoin termination of the contracts by the defendant, Amoco.

An appeal was timely filed, plaintiff in the alternative requesting a termination of the reference to the Bankruptcy Court. On June 6, 1983, a hearing was held in this Court concerning plaintiff's motion for a stay pending appeal. The decision of the Bankruptcy Court was stayed pending receipt in this Court of the record on appeal so that a determination of the plaintiff's likelihood of success could be considered. This stay was extended to this date.

A preliminary concern is whether this matter is a "related proceeding" under § (d)(3) of the Emergency Bankruptcy Rules adopted by this Court in response to *Northern Pipeline Co. v. Marathon Pipeline Co.,* —— U.S. ——, 102 S.Ct. 2858, 73 L.Ed.2d 598 (1982). Although the Court determines that this is not a related proceeding,[1] it is clear that the determination is unnecessary if plaintiff can meet the criteria for a stay pending appeal. Under § (e)(2)(B) of the Emergency Rules, the review by this Court is essentially *de novo* whether this is an appeal or a review of the Bankruptcy Court's conclusions in a related proceeding. Since the Court finds that plaintiff does meet the requirements for a

stay pending appeal, his motion will be granted.

The Court is guided by the well known four criteria in determining whether a stay pending appeal should be granted: Likelihood of success on the merits, irreparable harm to the appellant, balance of harms favoring the appellant and the public interest. *Adams v. Walker,* 488 F.2d 1064 (7th Cir.1973). It is evident that plaintiff will be drastically, irreparably harmed if the stay is not granted, and that defendant is likely to suffer little, if any, harm. Bolstering this conclusion is the harm which will befall the other creditors of plaintiff should his means of livelihood be taken from him.

Thus, the only question is whether the plaintiff has met his burden concerning a likelihood of success on the merits. Frankly, after reviewing the record in this case and considering the testimony that was offered on June 6, the Court views plaintiff's chances of success as less than compelling. The only legitimate issue raised by plaintiff (without reference to the appellate briefs) concerns whether the five-day cure-of-default period in the contract should be tolled based on equitable considerations. If the standard of review applied to Judge Martin's factual findings was "clearly erroneous," and plaintiff was not allowed to supplement the record before this Court, the conclusion would be inescapable that plaintiff would have no chance of success.

However, that is not the standard of review. According to § (e)(2)(B) of the Emergency Rules:

> [T]he district judge may hold a hearing and may receive such evidence as appropriate and may accept, reject, or modify, in whole or in part, the order or judgment of the bankruptcy judge, and need give no deference to the findings of the bankruptcy judge.

The Court believes that plaintiff has presented arguable issues of fact and law

---

1. Prior to plaintiff's submission of *In re Adirondack Ry. Corp.,* 28 B.R. 251 (Bkrtcy.N.D.N.Y. 1983), the Court had considered the case and found it thoroughly unconvincing (although the correct result was reached). Without belabor-

ing the point, the Court believes the question of whether a proceeding is "related" or not depends upon whether the party opposing the debtor is a creditor.

which are in no small part complicated by the present state of the Bankruptcy Court's jurisdiction.

The fact that plaintiff has presented, at best, an arguable case for reversing the Bankruptcy Court's decision would ordinarily defeat his motion for a stay. However, the strong showing of the level of irreparable harm, coupled with the harm to other creditors and the lack of adverse impact on the defendant, compels the conclusion that the stay should be granted. It has been stated, in the context of an injunction which applies the same criteria, that:

> The required showing of probability of success on the merits "varies with the quality and quantum of harm that [the moving party] will suffer from the denial of an injunction. '[W]here it appears that a lack of showing of irreparable damage * * * exists ... the party seeking a preliminary injunction has a burden of convincing with a reasonable certainty that it must succeed at [the] final hearing.'"

*American Hospital Association v. Harris,* 625 F.2d 1328, 1331 (7th Cit.1980) (citations omitted, editing in original). The holding of the case was that a lack of harm increases the burden of likelihood of success to "reasonable certainty of success." Conversely, as in the case before this Court, a strong showing of irreparable harm lowers the burden on the success factor.

This concept of balancing the criteria, where a strong showing on one can overcome the weakness concerning another, is fully applicable in the context of a stay pending appeal:

> Each factor must be considered in relation to the others, and the interaction of all four must be weighed. Failure to meet one factor may be excused in light of particularly strong showing with respect to another factor.

*Armstrong v. O'Connell,* 416 F.Supp. 1325, 1130 (E.D.Wis.1976).

The Court finds that all of the circumstances of this case: The particularly strong showing of irreparable harm, the presentation of an arguable case on the merits, the harm to other creditors, and the comparatively rapid appellate process which can be expected; compel the conclusion that plaintiff's motion for a stay pending appeal must be granted.

### ORDER

IT IS ORDERED that plaintiff's motion for a stay pending appeal of the decision of the Bankruptcy Court for the Western District of Wisconsin is GRANTED.