**COMMONWEALTH–LORD JOINT VENTURE, Petitioner,**

v.

**Raymond DONOVAN, Secretary of Labor, United States Department of Labor, and Melbert J. Landers, Respondent.**

No. 83–2727.

United States Court of Appeals,
Seventh Circuit.

Submitted Oct. 26, 1983.

Decided Dec. 30, 1983.

Paul M. Schudel, Woods, Aitken, Smith, Greer, Overcash & Spangler, Lincoln, Neb., Mark Crane, Hopkins & Sutter, Chicago, Ill., C. Dant Kearns, Stites & Harbison, Louisville, Ky., for petitioner.

Denise Butler Harty, U.S. Dept. of Labor, Sol., Washington, D.C., Thomas M. Dattilo, Madison, Ind., Frank E. Spencer, Indianapolis, Ind., for respondent.

Before CUMMINGS, Chief Judge, and POSNER and COFFEY, Circuit Judges.

PER CURIAM.

We have before us a motion by Commonwealth-Lord Joint Venture under Fed.R. App.P. 18 for a stay of administrative action pending our decision on the merits of

Commonwealth-Lord's petition for review of that action. An administrative law judge ordered Commonwealth-Lord to reinstate a "contract employee" on the ground that the employee (a weld inspector) had been discharged for engaging in activity protected by the Energy Reorganization Act, in violation of 42 U.S.C. § 5851(c); and his recommended decision and order were adopted in their entirety by the Secretary of Labor. The order of reinstatement approved by the Secretary is the action that Commonwealth-Lord has petitioned this court to review and set aside, and is also the action that it wants us to stay pending review.

Rule 18 of the Federal Rules of Appellate Procedure provides that the application for stay "shall ordinarily be made in the first instance to the agency." Commonwealth-Lord asked the Secretary, after the administrative law judge rendered his decision, to stay that decision pending review. The Secretary never formally acted on the request, but his decision of September 9, 1983, adopting the administrative law judge's order in its entirety without reference to the request, was tantamount to a denial of it. Commonwealth-Lord did not ask the Secretary for a stay of his order pending review in this court, but points out that such a request would certainly have been denied in light of the Secretary's previous action in adopting the administrative law judge's decision in its entirety without reference to the request for a stay of that decision pending review. Rule 18 states the requirement of applying to the agency for a stay before asking us for one in flexible terms and is not intended to apply in a case where the application would be an exercise of futility, as it would have been here. The requirements of Rule 18 were therefore satisfied.

Turning to the merits of Commonwealth-Lord's application, we do not think a stay is warranted. Commonwealth-Lord has not persuaded us that it would suffer irreparable harm from being forced to continue one weld inspector in its employ for a few months while its petition for review is under consideration by this court. This would hardly be worthy of public comment except that this circuit has not spoken before to the question what standard should guide us in deciding applications for stays of administrative action pending review. We take this opportunity to hold that the standard is the same as that for deciding applications for stays of district court orders pending review, the standard set forth in *Adams v. Walker,* 488 F.2d 1064 (7th Cir.1973). Decisions in other circuits on applications for stays of administrative action use the same standard that we used in *Adams* for a stay of a district court order. See *Associated Securities Corp. v. SEC,* 283 F.2d 773, 774–75 (10th Cir.1960); *Virginia Petroleum Jobbers Ass'n v. FPC,* 259 F.2d 921, 925 (D.C.Cir.1958).

STAY DENIED.