**Lucy Peng-Fei CHANG**

v.

**UNIVERSITY OF RHODE ISLAND, et al.**

**Diane R. SELEEN**

v.

**BOARD OF REGENTS FOR HIGHER EDUCATION, et al.**

Civ. A. Nos. 77–0070 S, 79–0097 S.

United States District Court, D. Rhode Island.

Sept. 3, 1985.

Abedon, Michaelson, Stanzler & Biener, Milton Stanzler, Julius C. Michaelson, Jordan Stanzler, Lynette Labinger, Providence, R.I., for plaintiff.

Nicholas Trott Long, Gen. Counsel, University of Rhode Island, Kingston, R.I., Adler, Pollock & Sheehan, John F. Bomster, Edward L. Maggiacomo, Richard G. Galli, Michael Kelly, Providence, R.I., for defendant.

## MEMORANDUM AND ORDER

SELYA, District Judge.

These consolidated class actions have been litigated before this court, hotly and at considerable length, for many moons. The history of the litigation is amply set forth in a published opinion of this court, *Chang v. URI*, 606 F.Supp. 1161 (D.R.I. 1985), and does not bear repeating at this time. Suffice it to say that, following a bifurcated trial addressed to the liability issues, this court found, inter alia, that certain of the plaintiff classes were entitled to classwide remediation. *E.g., id.* at 1268–70. The court, *id.* at 1271–77, outlined a mechanism whereby prevailing plaintiffs could obtain well-deserved (and long overdue) relief. Central to the scheme for redress was the proposed appointment of one or more special masters under Fed.R.Civ.P. 53. *See id.* at 1278–79.

In respect to (i) the court's issuance and denial of injunctive relief, and (ii) the entry of certain judgments, cross-appeals were taken as of right pursuant to 28 U.S.C. §§ 1291, 1292(a). These appeals are currently pending before the Court of Appeals for the First Circuit. To close the circle, this court certified the classwide liability findings for interlocutory appeal under 28 U.S.C. § 1292(b). *See Chang v. URI, Seleen v. Board of Regents*, Nos. 77–0070–S, 79–0097–S, Memorandum, Certificate and Order (D.R.I. June 27, 1985) (unpublished). The First Circuit has since accepted appellate jurisdiction over the issues so certified.

### I.

The defendants have now moved to postpone certain further proceedings in this court, viz., (i) the nomination and appointment of special masters, and (ii) the filing of rosters of subclass members, as required by this court's seminal opinion, 606 F.Supp. at 1271–72, and by its subsequent amplificative orders. The plaintiffs have seasonably objected.

The trial court's power to stay proceedings in order to preserve the status quo pending resolution of appeals is beyond question. *See, e.g., Hawaii Housing Authority v. Midkiff*, 463 U.S. 1323, 104 S.Ct. 7, 77 L.Ed.2d 1426 (1983) (Rehnquist, J., sitting as Circuit Justice). *See also* Fed.R. Civ.P. 62. The decisional law recognizes a quadrat of factors to be weighed in considering such a motion:

1. Likelihood of appellate success (or the absence thereof).

2. Whether or not denial of the stay will cause irreparable harm to the movant.

3. Whether or not issuance of the stay will materially damage the other parties to the litigation.

4. The impact of the court's action on the public interest.

*See, e.g., Morgan v. Kerrigan*, 523 F.2d 917 (1st Cir.1975); *Adams v. Walker*, 488 F.2d 1064 (7th Cir.1973); *Beverly v. United States*, 468 F.2d 732 (5th Cir.1972); *Long v. Robinson*, 432 F.2d 977 (4th Cir.1970).

These criteria apply with differing results to the twin prongs of the defendants' motion.

### II.

■ There is little or no reason further to defer the compilation of the rosters of potentially affected subclass members. The information can be culled from the University's records without exorbitant ex-

pense; the harm to the defendants in doing the work and in furnishing the information is minimal (if it exists at all); and, the public interest will be furthered by permitting class counsel, at the least, to identify class members and to notify them of their putative rights. Moreover, in the court's view, there is little likelihood that ultimate appellate resolution of the liability issues will, on this record, totally exonerate these defendants. The motion, insofar as it seeks to postpone the compilation and filing of membership rosters, is DENIED.

### III.

The appointment of masters is, however, a different breed of cat. Commencement of the remedial phase of the litigation will mark the kick-off of what threatens to be a long, arduous, and expensive ordeal for all concerned. As this court said in inviting intermediate appellate review:

> To permit the second and third stage proceedings to run their course, at enormous expense to the parties and to the judicial system, with the grey eminence of appellate review lurking in the wings, would run a thoroughly unacceptable risk of prodigal wastefulness.

*Chang v. URI,* 606 F.Supp. at 1279.

■ The possible harm to the defendants and to the plaintiffs and, not least, to the taxpayers from a premature embarkation upon the stormy seas of the damage phase litigation is substantial. Conversely, although the court well recognizes that the first of these cases was instituted eight long years ago,[1] the delay of an additional eight months or so seems a small price to pay to achieve a markedly greater degree

of certainty and predictability. There is no danger here that the defendants will abscond or will drain their assets so as to leave the plaintiffs holding an empty bag on the day of reckoning. And, there "is a dearth of controlling precedent and ... appreciable room for differences of opinion" on many of the "difficult and pivotal questions" which collectively form the predicate of this court's seminal opinion. *Id.* Though the court foresees no probability that the defendants will be entirely exculpated, *see* text *ante* at Part II, it is at least fairly debatable among legal scholars of reason as to whether each nut and bolt of the decision will survive appellate scrutiny intact. It is certainly possible—indeed, probable—that review by the First Circuit will alter the scope and/or conduct of the damage phase proceedings in some way, shape, or form.[2] Furthermore, the rules of civil procedure appear virtually to invite stays of this sort. *Cf.* Fed.R.Civ.P. 62(h).

The public interest would be disserved by an overly hasty rush to judgment here. The motion to stay nomination and appointment of the special master(s) is GRANTED. This stay shall remain in effect unless and until dissolved or modified by further order of this court or of the court of appeals. Counsel for the plaintiffs shall, if this stay remains in effect at the time mandate is issued by the First Circuit, forthwith apply to the district court for further orders with respect hereto.

The stay granted hereby shall in no way vitiate the injunctive relief heretofore afforded to the plaintiffs, nor serve to release the defendants from their obligations in any respect not directly related to the in-

---

1. Indeed, these cases "have their roots in a pattern of academic staffing which long antedated the enactment" of the EEOA (in 1972). *Chang v. URI,* 606 F.Supp. at 1168.

2. The plaintiffs, in their memorandum in opposition to the motion to stay, highlight (perhaps inadvertently) the very uncertainty which, among other factors, makes it eminently advisable to grant this limited stay. They apparently seek to propose an alternative procedure; they alert the court to their newly-emergent desire "to reconsider the process of using a special

master" and note that they "will shortly be filing a Motion for Reconsideration, which Motion will suggest an alternate method, which will presumably be less expensive and would eliminate a need for many lengthy hearings on the issue of discrimination against each and every individual." Opposition Memorandum at 2. Though this reference is cryptic, the court notes that the issuance of the stay in no way forestalls the plaintiffs from bringing their mysterious alternative plan to the court for consideration on a current basis.

**346**

ception and conduct of the contemplated classwide damage phase proceedings before the master(s), nor defer the court's ongoing consideration of the plaintiffs' application (recently docketed) for an award of counsel fees and expenses. *See Chang v. URI,* 606 F.Supp. at 1280.

*It is so ordered.*