Loran W. ROBBINS, et al.,
Plaintiffs/Counterdefendants
Appellees,

v.

The PEPSI–COLA METROPOLITAN
BOTTLING COMPANY, et al.,
Defendants/Counterclaimants Appellants,

and

Frito-Lay, Inc., et al., Additional
Counterclaimants Appellants,

and

Central States, Southeast and Southwest
Areas Pension Fund, Additional
Counterclaim Defendants-Appellees.

CENTRAL STATES, SOUTHEAST AND
SOUTHWEST AREAS PENSION
FUND, et al., Plaintiffs/Counterdefendants Appellees,

v.

PEPSICO, INC., et al.,
Defendants/Counterclaimants
Appellants,

and

Pepsi-Cola Bottling Company of Los Angeles, Taco Bell Corp., Pizza Hut, Inc.,
and North American Van Lines, Inc.,
Additional Counterclaimants Appellants.

No. 86–1963.

United States Court of Appeals,
Seventh Circuit.

Submitted and Decided July 11, 1986.

Opinion Sept. 12, 1986.

Arthur S. Friedman, New York City, Stanley J. Adelman, Rudnick & Wolfe, Roger Pascal, Chicago, Ill., for defendants/counterclaimants appellants.

Neil K. Quinn, Pretzel & Stouffer, Chicago, Ill., Rodney F. Page, Arent, Fox, Kintner, Plotkin & Kahn, Washington, D.C., Thomas C. Nyhan, Chicago, Ill., for plaintiffs/counterdefendants appellees.

Before WOOD, Jr., CUDAHY, and POSNER, Circuit Judges.

PER CURIAM.

PepsiCo, Inc. and several affiliated companies and subsidiaries (herein collectively referred to as "PepsiCo") are defendants in lawsuits brought by the Central States, Southeast and Southwest Areas Pension Fund and its trustees ("the Fund") to collect withdrawal liability payments assertedly due the Fund under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq.* (ERISA), as amended by the Multiemployer Pension Plan Amendments Act, 29 U.S.C. § 1381, *et seq.* (MPPAA). The district court, after making some adjustments in the Fund's calculation of interim assessments pending final determination of the amounts due, ordered PepsiCo to begin making interim payments on a set schedule. The first payment, in the amount of twenty-five million dollars, was due July 1, 1986.[1] PepsiCo submitted a supersedeas bond and asked the district court to stay the payment order pending this appeal. The district court refused, holding that the automatic stay provisions of Rule 62(d), Fed.R.Civ.P., are inapplicable to interim payment orders under the MPPAA, and that PepsiCo was not entitled to a discretionary stay under Rule 62(c). PepsiCo then moved in this court for approval of a bond or entry of a stay under Rule 8(a), Fed.R.App.P. Because we agreed with the district court's conclusions, we denied Pepsico's motions in a brief unpublished order on July 11.[2] We now explain that result at greater length in a published opinion.

The MPPAA provides that an employer who withdraws from a pension plan covered by its provisions becomes liable for a fixed amount designed to cover the employer's share of vested, but unfunded, benefits. *See Pension Benefit Guarantee Corp. v. R.A. Gray & Co.*, 467 U.S. 717, 725, 104 S.Ct. 2709, 2715–16, 81 L.Ed.2d 601 (1984). Withdrawal liability is initially assessed by pension plans themselves, and disputes over the amounts assessed are subject to mandatory arbitration, 29 U.S.C. § 1401(a).

Additional provisions of the MPPAA require that initial withdrawal liability assessments be paid almost immediately after demand, even though a dispute remains over the propriety of the amount assessed, creating what the district court aptly described as a " 'pay now, dispute later' collection procedure":

> Withdrawal liability shall be payable in accordance with the schedule set forth by the plan sponsor under subsection (b)(1) of this section beginning no later than 60 days after the date of the demand notwithstanding any request for review or appeal of determinations of the amount of such liability or of the schedule.

29 U.S.C. § 1399(c)(2). If an employer fails to make interim payments within the prescribed time, it may be subject to a civil action (like this one) to compel payment in state or federal court. 29 U.S.C. § 1451(b) and (c). The MPPAA further provides that:

> [p]ayments shall be made by an employer in accordance with the determinations made under this part until the arbitrator issues a final decision with respect to the

---

**1.** We initially stayed the order of payment briefly to allow time to consider PepsiCo's motion. That stay was lifted in our July 11, 1986 order, and we are advised that PepsiCo has made its first payment.

**2.** The Fund has moved to dismiss this appeal, arguing that the order of payment of interim liability is neither a final order appealable under 28 U.S.C. § 1291, nor an injunction appealable under 28 U.S.C. § 1292(a)(1). *See,* e.g., *I.A.M. National Pension Fund Benefit Plan A. v. Cooper Industries, Inc.,* 789 F.2d 21 (D.C.Cir.

1986). It also argues that no stay under Rule 62(d) is available as a consequence of this nonappealability. See 7 J. Moore, et al., *Moore's Federal Practice,* Para. 62.06, n. 3. Because the jurisdictional issue is complex, we ordered the parties to address it fully in their briefs on the merits. In our July 11, 1986 order, we merely observed that PepsiCo had "asserted a plausible basis for [appellate] jurisdiction, thus allowing us to rule on its motion ... under Rule 8(a), Fed.R.App.P." We offer no further comment so as to avoid prejudging the issue.

determination submitted for arbitration, with any necessary adjustments in subsequent payments for overpayments or underpayments arising out of the decision of the arbitrator with respect to the determination.

■ The district court found these provisions to be in direct conflict with Rule 62(d), Fed.R.Civ.P., which provides (with some exceptions not applicable to this case) that an appellant may automatically obtain a stay of execution of a judgment by posting an approved supersedeas bond. In the district judge's view the automatic stay rule was inconsistent with Congress' clear intention, expressed in the statutory language quoted above and in the relevant legislative history, that litigation over the propriety or size of withdrawal assessments "would not disrupt the continuous flow of contributions to the fund."

PepsiCo contends in this court that the district court has "effectively repeal[ed]" Rule 62(d) as far as MPPAA interim payment cases are concerned. In this regard we have observed that:

> [a]lthough Congress unquestionably has the power to supersede any federal rule either in its entirety or in particular types of civil actions, we think that the proper rule of construction is that the Congressional intent to repeal a federal rule must be clearly expressed before the courts will find such a repeal.

*In Re General Motors Corporation Engine Interchange Litigation,* 594 F.2d 1106, 1134–35 n. 50 (7th Cir.), *cert. denied,* 444 U.S. 870, 100 S.Ct. 146, 62 L.Ed.2d 95 (1979), *citing United States v. Gustin-Bacon Division, Certainteed Products Corp.,* 426 F.2d 539, 542 (10th Cir.), *cert. denied,* 400 U.S. 832, 91 S.Ct. 63, 27 L.Ed.2d 63 (1970). PepsiCo observes that Rule 62(d) is not explicitly mentioned in the MPPAA or its legislative history, and argues that under the standard quoted above an implicit repeal is (a) impossible, and (b) even if possible, unsupported by the statute or its history.

Although repeals by implication are not favored, we do not believe that Congress must explicitly state that a procedural rule is superseded in order to "clearly express" that proposition. What is clear upon review of the MPPAA and its legislative history is that its scheme of interim liability is plainly and wholly inconsistent with the availability of an automatic stay simply upon posting of a bond. We agree with the district court's thorough and careful evaluation of these competing provisions, which we adopt as the law of this Circuit. *Robbins v. Pepsi-Cola Metropolitan Bottling Co.,* 637 F.Supp. 1014 (N.D.Ill.1986). This is not a case of statutory silence on the issue at hand, but one in which specific provision has been made for the conditions to obtain during review.

■ This result is not inconsistent with either *Scripps-Howard Radio, Inc. v. F.C.C.,* 316 U.S. 4, 62 S.Ct. 875, 86 L.Ed. 1229 (1942), or *Chicago and North Western Railway Company v. United Transportation Union,* 422 F.2d 979 (7th Cir. 1970), *rev'd on other grounds,* 402 U.S. 570, 91 S.Ct. 1731, 29 L.Ed.2d 187 (1971). Both of those cases held that the power of courts to stay judgments or other orders pending appeal on a discretionary basis, a power derived from the "All Writs Act" (now codified at 28 U.S.C. § 1651), was not repealed by review provisions of the Communications Act of 1934, 48 Stat. 1064 (*Scripps-Howard*), or by the Norris-LaGuardia Act, 29 U.S.C. § 101, *et seq.* (*Chicago and North Western*). *Scripps-Howard* was a case of statutory silence on the issue of stays of any kind. In *Chicago and North Western,* we held that the Norris-LaGuardia Act's prohibition on injunctions in certain labor cases did not indicate Congressional intent to "remove from the district courts their long-recognized power to grant injunctions pending appeal ...", 422 F.2d at 984, which power was then as now codified in Rule 62(c), Fed.R.Civ.P. As the district court concluded, and as we stated in our July 11 order, we need not decide whether the MPPAA has "repealed" Rule 62(c) and the "All Writs Act" in interim liability cases because PepsiCo has not demonstrated that it would suffer irrepara-

ble injury absent a stay, and is therefore not entitled to one anyway. *See Glick v. Koenig,* 766 F.2d 265, 269 (7th Cir.1985); *Adams v. Walker,* 488 F.2d 1064, 1069 (7th Cir.1973) (requiring that appellant demonstrate a likelihood of irreparable injury as one of the requirements of obtaining a stay under Rule 8(a), Fed.R.App.P.).

Accordingly, PepsiCo's motion for approval of a supersedas bond or entry of a stay pending appeal is DENIED.