UNITED STATES of America

v.

ARKWRIGHT, INCORPORATED; Oce van der Grinten, N.V.

Civ. No. 87–2000–D.

United States District Court,
D. New Hampshire.

Oct. 13, 1988.

F. Henry Habicht II, Land Nat. Res. Div., Washington, D.C., Everett C. Sammartino, Office of U.S. Atty., Providence, R.I., Judith Katz, E.P.A., Washington, D.C., Timothy Williamson, E.P.A., Boston, Mass., for plaintiff.

Michael P. DeFanti, Providence, R.I., for defendants.

## ORDER ON MOTION FOR CERTIFICATION OF INTERLOCUTORY APPEAL

DEVINE, Chief Judge.

Defendant Arkwright, Inc. ("Arkwright"), moves the Court for certification of an interlocutory appeal and for a stay of further proceedings pending resolution of such appeal.[1] Plaintiff agrees that an interlocutory appeal is proper, but objects to the motion for stay of further proceedings.

### 1. The Motion for Certification of Interlocutory Appeal

The interlocutory appeal sought is from that portion of the Court's Opinion of June 10, 1988, which held that the Environmental Protection Agency ("EPA") was not barred from imposing sanctions on Arkwright when it failed to act on proposed revisions to a "State Implementation Plan" ("SIP") within four months of the submission of such revisions. *United States v. Arkwright, Inc.*, 690 F.Supp. 1133, 1141-42

(D.N.H.1988). The statutory provision at issue is found at 42 U.S.C. § 7410(a)(3)(A), paragraph 2 of which provides:

> The Administrator shall, within *four* months after the date required for submission of a plan under paragraph (1), approve or disapprove such plan or each portion thereof....

*Id.* § 7410(a)(2) (emphasis added).

A recent decision of the District of Massachusetts has ruled to the contrary, and this ruling is now on appeal to the First Circuit. *United States v. General Motors Corp.*, C. 87-2068-Mc, Memorandum and Order of May 16, 1988 (McNaught, J.) [available on WESTLAW, 1988 WL 82247].[2]

As indicated in the prior Order of June 10, 1988, there is a split of authority among circuits with respect to the proper interpretation of 42 U.S.C. § 7410(a)(3)(A). *United States v. Arkwright, supra,* 690 F.Supp. at 1142. The conflicting decisions of Judge McNaught and myself demonstrate that there now exists a conflict within the trial courts of the First Circuit.

Authorization for interlocutory appeals of the type here sought is found in 28 U.S.C. § 1292(b), which provides:

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: *Provided, however,* that application for an appeal hereunder shall not stay proceedings in the district court unless the district judge

---

1. Arkwright also seeks amendment of a prior order of the Court to the effect that the interlocutory appeal may go forward.

2. Judge McNaught's Order granted summary judgment on the disputed issue.

or the Court of Appeals or a judge thereof shall so order.

(Emphasis in original.)

■ The Court is aware that interlocutory certification pursuant to 28 U.S.C. § 1292(b) is to be sparingly used and only in exceptional circumstances where the proposed appeal presents one or more difficult and pivotal questions of law not settled by controlling authority. *Palandjian v. Pahlavi,* 782 F.2d 313, 314 (1st Cir.1986), *cert. denied,* —— U.S. ——, 107 S.Ct. 1974, 95 L.Ed.2d 814 (1987) (citing and quoting *McGillicuddy v. Clements,* 746 F.2d 76 (1st Cir.1984)). However, it appears clear from the circumstances entered in the instant case that interlocutory certification is in order. Accordingly, at the conclusion of the instant Order, the Court will enter an Order amendatory of its prior Order of June 10 so that the interlocutory appeal may be certified to the United States Court of Appeals for the First Circuit.

## 2. The Motion for Stay

■ A district court possesses the power to stay proceedings for the purpose of preserving the status quo pending appellate resolution. *Chang v. University of Rhode Island,* 107 F.R.D. 343, 344 (D.R.I. 1985). The factors to be considered when a motion for stay is filed include (1) the likelihood of success on appeal, (2) whether denial of the stay will cause irreparable harm to the movant, (3) whether issuance of the stay will materially damage other parties to the litigation, (4) the impact of the court's action on the public interest. *Id.*

■ Plaintiff here contends that Arkwright has failed to proffer evidence in support of the aforesaid factors and that it should be allowed to proceed with further discovery pending the appeal with respect to those issues which will be unaffected by the appeal. Such issues include the liability of Arkwright for violations of the Clean Air Act, 42 U.S.C. § 7413(b), without the contested period of March 18, 1986, through October 19, 1987, as well as the liability of the parent corporation Oce.

The Court expresses no opinion with respect to the first of the listed factors, but finds and rules that on balance there should be no stay pending resolution of the interlocutory appeal, as the liability of the parent corporation is of importance to the final resolution of the matter.

## 3. Conclusion

For the reasons hereinabove detailed, it is herewith ordered:

1. That the motion for amendment of the Order of June 10, 1988, is granted, and said Order is amended by adding to the last paragraph, headed "Conclusion", *see* 690 F.Supp. at 1145, the following paragraphs:

Having been advised of a conflict among the district courts in the First Circuit on the issue of the application of the four-month deadline set forth in 42 U.S.C. § 7410(a)(2) to SIP revisions, I find and rule that my prior orders of June 10, 1988, with respect thereto involve a controlling question of law as to which there is substantial ground for difference of opinion such that an immediate appeal from the order may materially advance the ultimate termination of the litigation. Accordingly, I herewith certify to the United States Court of Appeals for the First Circuit the following question:

Do the provisions of the Clean Air Act codified at 42 U.S.C. § 7410(a)(2) bar the imposition of EPA sanctions when the administrator has not acted on a proposal for revision of an SIP within four months of submission of such proposed revision?

2. The motion for stay of proceedings pending the interlocutory appeal must be and is herewith denied.

SO ORDERED.