SOSENE ASIFOA and LEFOTU TUILESU, Appellants

v.

LUALEMANA E. FAOA, Appellee

High Court of American Samoa
Appellate Division

AP No. 20-90

October 23, 1990

---

Rule 4.

Before REES, Associate Justice.

Counsel: For Appellants, Charles V. Ala'ilima
 For Appellee, Afoa L.S. Lutu

On Motion for Stay of Execution:

On August 6, 1990, the trial court rendered judgment for plaintiff/appellee Lualemana, providing in pertinent part that defendant/appellants Asifoa (Atualevao) and Lefotu were permanently enjoined from further activities within a tract of land registered in 1961 as the property of Lualemana. *See Lualemana v. Atualevao*, 16 A.S.R.2d 34 (1990).

On August 10, 1990, upon motion by defendant/appellants, the Court amended its judgment to allow defendant/appellants thirty days in which to harvest any crops belonging to them within the Lualemana tract.

Defendant/appellants subsequently moved for reconsideration of the trial court judgment and for a further stay of execution upon the judgment. On September 4, 1990, the Court denied the motion to

reconsider, but did grant an additional thirty-day stay of execution so as to allow defendant/appellants to move in the Appellate Division for a stay of judgment pending appeal.

Defendant/appellants then filed a notice of appeal and subsequently filed the present motion for a stay pending a decision on the appeal. Chief Justice Kruse, as the Justice of the High Court who did not sit on the case at the trial court level, would ordinarily have heard the motion. The Chief Justice, however, disqualified himself from participation in the case. In the absence of a resident Justice qualified to sit as a member of the Appellate Division, the motion was therefore referred to the judge who presided at trial. *See* Appellate Court Rule 27(c), as amended.

This is, therefore, the third time the writer of the present opinion has had to consider whether to grant or extend a stay of execution in favor of the present appellants. At the hearing on this motion the Court suggested to counsel for appellants and appellee that the best course would be to deny the motion for a stay pending appeal, for the same reasons it was denied when presented to the trial court; to write an opinion setting forth those reasons; and to grant a brief additional stay so as to allow for review of this decision by the Appellate Division at its forthcoming regular session.

The trial court's reasons for denying a stay pending appeal are as follows:

A court should not grant a stay of judgment pending appeal automatically or casually. To do so would encourage losing litigants to file appeals in which they had no serious hope of prevailing, simply in order to postpone the effective date of judgment. The court's discretion to grant a stay should therefore be exercised only "for cause shown." A.S.C.A. § 43.0803; *see also* Trial Court Rule of Civil Procedure (T.C.R.C.P.) 62(a) (c), Appellate Court Rule 8. Such cause must presumably amount to more than just that the appellants, should they eventually prevail in their appeal, will have been inconvenienced by having had to comply in the meantime with the trial court's judgment.

When a judgment is for money alone, the costs imposed on the prevailing party by a delay in execution can be minimized by requiring a supersedeas bond and by awarding post-judgment interest in an amount equivalent to the value of the use of the money. *See* T.C.R.C.P. 62(d). Injunctive actions do not lend themselves to this sort of solution; rather,

12

the decision to grant or deny a stay pending appeal is similar to that on a preliminary injunction, depending partly on the "balance of equities" and partly on the likelihood that the appeal will be successful. *See* T.C.R.C.P. 62(a),(c); *cf. Belcher v. Birmingham Trust Nat'l Bank,* 395 F.2d 685 (5th Cir. 1968); 6 J. Moore, W. Taggart & J. Wicker, Moore's Federal Practice ¶ 62.05 (2d ed. 1985).

An injunction will be stayed when it appears to the trial or appellate court that there is a strong chance the judgment will be vacated on appeal (e.g., when the correctness of the trial court decision depends on a question of law that can fairly be characterized as a close one); that compliance with the judgment during the pendency of the appeal would so change the status quo as to amount to an effective denial of the right to appeal, or would otherwise work extraordinary hardship on the appellant; that little or no hardship would be imposed on adverse parties by appellant's noncompliance; or that some combination of these conditions overcomes the presumption in favor of allowing each party the present enjoyment of what has been held to be his lawful rights. *Cf. Belcher, supra;* Moore's Federal Practice, *supra,* and authorities cited therein.

The judgment in the present case was to put a tract of agricultural land into the possession of the person held to be its owner. It is unlikely that the appeal can be heard and decided until late next year. Either appellants or appellee, whichever should ultimately prevail, will have suffered palpable damage should they be deprived of the use of the land for the next year. From a logistical standpoint it is clear that appellants, who would have to vacate the land and then move back on again in the event they should ultimately prevail, would be more substantially injured than would the appellee by having to wait one more year to be put back into possession. The Court has not, however, been presented with sufficient evidence from which to assess this difference in monetary terms; specifically, it does not appear whether the transaction costs of moving from one planting area to another would exceed the market value of a year's rental on this land. It does not appear that the injunction would require appellants to move any houses or other substantial structures, or that appellee threatens to destroy perennial crops (if any) on the land.

In assessing the "balance of equities," moreover, it must be noted that the parties' differing logistical circumstances stem largely from differences in their own behavior. The trial record reflects that the dispute over the tract now in question has been a fairly active one for

13

about twenty years. During this time appellee and his two predecessors in title have tended to assert their claims in court, whereas appellants have expanded their plantations despite having long been on notice that these plantations were on land that had been registered as the property of the appellee. Appellants have acted vigorously on, and profited handsomely from, the adage that possession is nine-tenths of the law. It may be time for some other principle to come to the fore.

This leads to the question of the likelihood of success on appeal. Although a trial judge will tend to assess every appellant's chances at something less than fifty-fifty, it remains possible to make some distinctions. "In cases in which the court has moved into uncharted areas, it may be doubtful enough about the substantive correctness of its decision to stay an injunctive order." Moore's Federal Practice ¶ 62.05, n.16. Indeed, even a decision that presents no particularly new or mysterious questions of law may yet present difficult ones on which reasonable people can differ.

The present appeal, however, appears to rest squarely on a quarrel with the trial court's view of the facts. The memorandum accompanying the present motion makes it clear that the error of law alleged by appellants --- that the Court should have found appellee's registration of the land invalid because it was posted in the wrong village --- depends entirely on appellants' contention that "the trial court was clearly erroneous in finding that this land was part of Aasu." If the land was indeed part of Aasu, then the notice was properly posted and the registration is valid even if appellants' legal arguments are otherwise correct. Appellants may sincerely disagree with this finding. For the reasons set forth in the trial court opinion, however, they will be hard pressed to show on appeal that it was without substantial support in the record. Accordingly, their chances of prevailing on appeal must be assessed as slight.

The principal effects of granting a stay of the injunction pending appeal, therefore, would be (1) to allocate next year's profits from the use of the land to parties who are extremely unlikely to be held to own it; and (2) to encourage the present litigants and others to prosecute appeals to no likely effect other than delay. Accordingly, the stay pending appeal is denied.

In accordance with Appellate Court Rule 27(c), this opinion will be referred for review by the Appellate Division at its regular session to be held next week. To allow for such review, an additional stay will be

14

granted until November 15, 1990. This brings the time during which the judgment has been stayed to over 100 days. Appellants should be prepared to vacate promptly in the event this opinion is not reversed by the Appellate Division.

Should appellants wish to present arguments to the Appellate Division beyond those already presented in their memorandum, they should do so no later than 4:00 p.m. on October 26, 1990. Should appellee wish to file a response to any such additional arguments, he should do so no later than 4:00 p.m. on October 30. Should the Appellate Division wish to hear oral argument on this motion, counsel will be notified by October 30, and argument will be set for November 1.

It is so ordered.