**In re J. Fife SYMINGTON, III, Debtor.**

**Bankruptcy No. 96–504–JS.**

United States Bankruptcy Court,
D. Maryland.

July 25, 1997.

John A. Scaldara, Scaldara & Potler, L.L.P., Baltimore, MD, Frank G. Long, Sean P. O'Brien, Gust Rosenfeld, Phoenix, AZ, for Phoenix Newspaper, Inc. and KTVK–TV Newschannel 3.

Jervis S. Finney, Glena T. Brizan, Ober, Kaler, Grimes & Shriver, P.C., Baltimore, MD, for Estate of Martha Symington.

Michael C. Manning, Jeffrey J. Goulder, Kristin L. Farnen, Phoenix, AZ, for Bank of America Arizona.

Robert A. Shull, William Novotny, Mariscal Weeks, McIntyre & Friedlander, P.A., Phoenix, AZ, for Debtor.

## MEMORANDUM OPINION DENYING MOTION FOR STAY PENDING APPEAL

JAMES F. SCHNEIDER, Bankruptcy Judge.

On February 8, 1996, the Bank of Arizona (now Wells Fargo Bank, successor custodian of Bank of Arizona) obtained a subpoena from the United States Bankruptcy Court for the District of Maryland directing Martha F. Symington, a Maryland resident, to produce certain categories of documents in response to a Bankruptcy Rule 2004 examination. This Court entered a stipulation and protective order [P. 1] which provided for the confidentiality of Mrs. Symington's private papers while assuring the Bank access to information it needed relative to the bankruptcy case of Mrs. Symington's son, J. Fife Symington, III, Governor of the State of Arizona. Phoenix Newspapers, Inc., and KTVK–TV (the "Intervenors") moved to intervene in this action and sought production of all documents produced by Mrs. Symington to the Bank.

On June 10, 1997, this Court granted the Intervenors' motions to intervene, to quash the consensual protective order between Mrs. Symington and the Bank, and for turnover of all documents subpoenaed by the Bank pursuant to the Rule 2004 examination. The order directed Thomas D. Washburne, the Personal Representative of the Estate of Mrs. Symington, deceased, the Bank and the Intervenors to submit a form of order within 14 days detailing the procedure by which the documents would be provided.

Thereafter, this Court conducted a number of hearings on the record, some by telephone, between counsel for the Personal Representative and counsel for the Intervenors for the purpose of reaching agreement upon the terms of the order. The Personal Representative maintained that he would not release to the Intervenors a log of all documents he believed to be privileged, in spite of the Court's June 10, 1997 decision. He further argued that the Intervenors were not parties, even though they had been made parties by the order of this Court that granted the motion for intervention. The Personal Representative continued to assert that certain documents were privileged, despite this Court's earlier ruling that they were not. The Court's decision that the documents were not subject to privilege was based upon the blanket assertion of privilege that had been made, and that some of the privileges claimed were not recognized under Maryland law.

On June 23, 1997, this Court signed an order requiring the Personal Representative to turn over "all materials and documents responsive to the Bank of America Arizona Subpoena Duces Tecum ... and that any documents withheld on the grounds of privilege be identified by type, subject matter, date, author, addressee, other recipient(s) and the relationship among them and that the nature of the claimed privilege be stated." Order [P. 19] dated June 23, 1997. The Personal Representative consented to the form of the order, with the sole exception that he did not believe that he was required to turn over the privilege log, even though the Personal Representative agreed to release the log to the Bank in the stipulation and protective order. The Personal Representative refused to provide a copy of the privilege log to the Intervenors, insisting that the privilege log was not discoverable because it represented the attorney's work product. After the Court entered the order directing the turnover of all the documents responsive to the Bank's subpoena, the Personal Representative filed a notice of appeal and the instant motion for stay pending appeal.

The motion prays that this Court stay its order of June 23, 1997, because it required the turnover of the privilege log. The Personal Representative was not able to tell the Court approximately how many documents were being withheld. However, he offered to permit this Court to conduct an *in camera* examination of the privilege log, while he

insisted that the log was irrelevant to the issue of whether to grant the motion. The privilege log was delivered to chambers in a sealed envelope, and this Court conducted and completed its examination. The privilege log in question is a nine-page, computer-generated document that enumerates 312 documents described as letters, notes, facsimiles, charts, internal memos, and statements.

■ The Personal Representative has failed to show that he is entitled to the extraordinary relief of a stay. A party seeking the stay of an order pending appeal must show: (1) that the movant will likely prevail on the merits of the appeal, (2) that the movant will suffer irreparable injury if the stay is denied, (3) that other parties will not be substantially harmed by the stay, and (4) that the public interest will be served by granting the stay. *Long v. Robinson,* 432 F.2d 977 (4th Cir.1970); *Airport Commission of Forsyth County v. Civil Aeronautics Board,* 296 F.2d 95 (4th Cir.1961); *Fambrough v. Nunley (In re Mullins),* 190 B.R. 812 (Bankr.W.D.Va.1995); *Belcher v. Birmingham Trust National Bank,* 395 F.2d 685 (5th Cir.1968); *Virginia Petroleum Jobbers Association v. Federal Power Commission,* 259 F.2d 921 (D.C.Cir.1958).

■ It is unlikely that the movant will prevail on the merits. This Court has already ruled that proper claims of privilege have not heretofore been made as to any of Mrs. Symington's financial documents. In addition, the Court examined the privilege log submitted to chambers under seal and concludes that the log is subject to the Bank's subpoena duces tecum and therefore must be released to the Intervenors.

The movant will not suffer irreparable harm if the privilege log is turned over to the Intervenors. In fact, and this point is vital to the Court's denial of the motion for stay pending appeal, the privilege log has heretofore been provided to the Bank. This negates the assertion that the log is subject to privilege and defeats any argument of irreparable harm.

Other parties will not be substantially harmed, and the public interest will best be served by denying the stay. As this Court previously held, there is an overriding public interest in maintaining confidence in the bankruptcy system and the right to know the truth about allegations of corruption against Governor Symington that outweighs whatever privacy interests Mrs. Symington and her estate might have in her personal financial information.

■ Having reviewed the privilege log, the Court finds the motion for stay pending appeal filed by the Personal Representative of the Estate of Martha F. Symington, deceased, to be frivolous. The privilege log cannot be protected as the work product of counsel because the turnover of the privilege log is mandated by Federal Rule of Civil Procedure 26(b)(5), which provides:

> Claims of Privilege or Protection of Trial Preparation Materials. When a party withholds information otherwise discoverable under these rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection.

*Id.*

The Personal Representative would like to have it both ways. He cannot refuse to turn over to the intervenors documents that were withheld pursuant to a protective order which has been dissolved and continue to assert privileges that this Court previously disallowed, while refusing to provide the privilege log that enumerates and describes the nature of the withheld documents.

No appeal was taken from the June 10, 1997, order issued by this Court that overruled the claims of privilege and directed the turnover of all documents. The second order merely implemented the terms of the first order, but also required that all documents, including the privilege log, be turned over to the news media, because the Personal Representative continued to insist on withholding some of the documents. The disclosure of

the privilege log to the Intervenors is essential to their ability to make a case that some, if not all, of the withheld documents be disclosed.

By reason of the refusal of the Personal Representative to abide by the provisions of Federal Rule 26(b)(5), and having determined that the privilege log is discoverable because of the refusal of the Personal Representative to turn over all documents responsive to the subpoena, the motion for stay pending appeal is hereby determined to be without merit and is therefore DENIED.

ORDER ACCORDINGLY.