**Allan J. CULVER, Jr.**

v.

**F. Vernon BOOZER, et al.**

**Civ.A. No. CCB–02–2979.**

United States District Court, D. Maryland.

Oct. 8, 2002.

Allan J. Culver, Jr., Bel Air, MD, pro se.

Douglas W. Biser, Mudd, Harrison and Burch, Towson, MD, for appellee.

### *MEMORANDUM*

BLAKE, District Judge.

Debtor Allan J. Culver, Jr. ("Culver" or "Appellant") filed a Motion to District Court for Stay of Order Pending Appeal pursuant to Bankruptcy Rule 8005 on September 9, 2002.[1] A brief description of the case is as follows.

According to GMAC trustees F. Vernon Boozer, Edward C. Covahey, Jr., Thomas P. Dore, and Roger J. Sullivan ("Trustees" or "Appellees"), Culver filed for protection under Chapter 13 of the Bankruptcy Code in 1997, and the case was dismissed on December 7, 1998. (Resp. to Mot. for Stay of Order Pending Appeal at 1). As a result, a foreclosure sale of the property at issue in this litigation, 1410 Muirfield Close in Harford County, Maryland (the "Property"),[2] was scheduled for 4:00 p.m. on April 21, 1999. (*Id.;* Mot. to District Court for Stay of Order Pending Appeal at ¶ 1; Resp. to Mot. for Stay of Order Pending Appeal at Ex. 3, Letter from Alan M. Grochal to Roger J. Sullivan of 4/21/99). At 2:45 p.m. on April 21, 1999, Deborah Culver filed a voluntary bankruptcy petition and informed the trustees that she had an interest in the property within the meaning of section 541 of the Bankruptcy Code, thus triggering the automatic stay. (Resp. to Mot. for Stay of Order Pending Appeal at Ex. 3, Letter from Alan M. Grochal to Roger J. Sullivan of 4/21/99). The trustees, believing Deborah Culver's interest to be insufficient to invoke the automatic stay, proceeded with the foreclosure sale on April 21, 1999.[3] (*Id.;* Resp. to Mot. for Stay of Order Pending Appeal at 1). GMAC was the highest bidder at the auction. (Mem. of Law in Supp. of Stay Pending Appeal at 2).

1. On September 18, 2002, the clerk of the bankruptcy court transmitted the partial designated record to the clerk of this court, and the appeal was docketed on that date as civil case number 02–3071. Culver filed a Motion for Enlargement of Time to File Brief and Appendix on October 3, 2002, seeking an additional fifteen days to file his brief for appeal. The court will grant that motion and, thus, Culver's brief may be filed with the court no later than October 18, 2002. The order will be docketed under civil case number 02–3071.

2. According to Culver, the property was acquired by him during his marriage to Deborah Culver, but record title to the property is held in his name only. Culver stated that he attempted to transfer title to Allan Culver and Deborah Culver as tenants by the entirety via a deed dated October 23, 1991, but Judge Derby held, and this court agrees, that the deed was never delivered. Shortly thereafter, Allan and Deborah Culver separated with the intention of terminating their marriage. (Compl. for Declaratory Relief, Injunctive Relief, and the Imposition of Sanctions for Violation of the Automatic Stay at ¶¶ 6–7; Mem. of Law in Supp. of Stay Pending Appeal at 1).

3. According to the trustees, Deborah Culver's bankruptcy case was closed on December 7, 1999. She is not a party to the present action. (Resp. to Mot. for Stay of Order Pending Appeal at 2).

On June 7, 1999, however, Culver again filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code and disclosed both his and Deborah Culver's interests in the property. (Resp. to Mot. for Stay of Order Pending Appeal at 1; Compl. for Declaratory Relief, Injunctive Relief, and the Imposition of Sanctions for Violation of the Automatic Stay at ¶ 14). The trustees then filed a motion for relief from the automatic stay. (Resp. to Mot. for Stay of Order Pending Appeal at 1). After negotiations between Culver and the trustees, the parties entered into a "Consent Order Granting Relief from the Automatic Stay with Forbearance" on September 15, 2000. (*Id.* at 1, Ex. 1, Consent Order Granting Relief from the Automatic Stay with Forbearance). The consent order provided, *inter alia,* that Culver could retain the property so long as he paid off all real property taxes and made timely payments to GMAC. (*Id.*). If Culver defaulted, the consent order granted GMAC relief from the automatic stay. (*Id.*). The parties seem to agree that Culver breached the consent order.[4] In any event, the Circuit Court for Harford County ratified the foreclosure sale on March 23, 2001, finding Culver to be unprotected by the automatic stay. (Resp. to Mot. for Stay of Order Pending Appeal at 2, Ex. 2). On April 13, 2001, the trustees filed in the Circuit Court for Harford County a motion for judgment awarding possession of the property to GMAC. (*Id.;* Compl. for Declaratory Relief, Injunctive Relief, and the Imposition of Sanctions for Violation of the Automatic Stay at Ex. 2).

On April 20, 2001, Culver filed a complaint in the United States Bankruptcy Court for the District of Maryland to set aside the foreclosure sale, contending, in sum, that the sale was improper because Deborah Culver's interest in the property triggered the automatic stay. (Compl. for Declaratory Relief, Injunctive Relief, and the Imposition of Sanctions for Violation of the Automatic Stay). The bankruptcy court entered an order on November 13, 2001 denying Culver's request for relief. Subsequently, Culver filed a Motion to Amend and Supplement Findings of Fact and Conclusions of Law and Alter or Amend Judgment, and on August 21, 2002, the bankruptcy court denied the motion. Culver, on the same day, gave notice to the bankruptcy court that he would appeal the August 21, 2002 final order to the United States District Court for the District of Maryland. Also on August 21, 2002, the bankruptcy court granted Culver's Motion to Stay Pending Appeal, stating that the final order would be stayed for twenty-one days, or, until September 11, 2002, so that "the United States District Court is able to review the appeal."

As stated, Culver filed a motion to stay pending appeal with this court on September 9, 2002, just two days before the expiration of the bankruptcy court's stay. In light of the paucity of papers before it at that time, this court sent a letter to Culver on September 10, 2002 requesting more information; Culver submitted one additional paper in response to this request.[5]

**4.** The parties disagree, however, as to the circumstances of Culver's breach. The trustees simply assert that "Appellant failed to comply with the terms of the Consent Order." (Resp. to Mot. for Stay of Order Pending Appeal at 1–2). Culver, on the other hand, states that he was advised by counsel "not to comply with the terms of the agreement" until GMAC notified all interested parties of

the consent order. (Mot. to Enforce the Terms of Consent Order Entered September 15, 2000 at ¶¶ 3–4).

**5.** The court's letter to Culver specifically inquired when the transcript of the bankruptcy court's November 2001 hearing would be available for review. In addition, Culver's own "Designation of Contents of Record" in-

Still unsatisfied that it possessed sufficient information to adequately evaluate Culver's motion before the expiration of the bankruptcy court's stay, this court granted Culver's motion to stay the bankruptcy court's order until October 3, 2002, and permitted all parties in interest to submit additional exhibits, transcripts, and memoranda until September 26, 2002. The trustees then filed a Response to Motion for Stay of Order Pending Appeal with seven exhibits. Culver failed to respond to the court's invitation for more information.

Culver essentially designated two issues for consideration upon appeal.[6] (Mem. of Law in Supp. of Stay Pending Appeal at 2–3). The crux of these issues is that the bankruptcy court erred in concluding that Deborah Culver did not have an "interest" in the property sufficient to trigger the automatic stay by virtue of either: (1) section 8–201 of the Family Law Article of the Maryland Annotated Code; or (2) her actual possession of the property on the date she filed her bankruptcy petition.[7]

■ Pursuant to Bankruptcy Rule 8005, a district court may stay a bankruptcy court order pending appeal. FED. R. BANKR. P. 8005. The party seeking such a stay must show: (1) that he will likely prevail on the merits of the appeal; (2) that he will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay. *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir.1970).

■ Simply stated, Culver did not carry this burden. Culver submits, without any substantiation, that Deborah Culver had an "interest" in the property sufficient to invoke the automatic stay upon her filing for bankruptcy, even though the property is titled in Culver's name alone, because the property is "marital property." (Mem. of Law in Supp. of Stay Pending Appeal at 4–5; *see also* MD. CODE ANN. FAM. LAW § 8–201 (2002)). The trustees' analysis is far more persuasive on this point. (Resp. to Mot. for Stay of Order Pending Appeal at 4–6). The Court of Special Appeals of Maryland explained the purpose of section 8–201 as follows:

cludes the transcript of the November 13, 2001 hearing. (*See* Debtor's Designation of the R. and Statement of Issues on Appeal Pursuant to Rule 8006). The transcript, however, was not included in the designated record transmitted to this court from the clerk of the bankruptcy court. Nor did this court receive the transcript directly from Culver.

6. Culver designated four issues for appeal, but two require very little discussion. The fourth designated issue regards whether the doctrine of equitable estoppel is applicable in this case. Judge Derby stated in his November 13, 2001 ruling that this is a "new argument not raised at trial." (Order, 11/13/01). Accordingly, this court agrees with the bankruptcy court that this argument has been waived.

The first designated issue is whether the bankruptcy court erred in concluding that Culver failed to deliver the October 23, 1991 deed to Deborah Culver. Judge Derby lis-

tened to the testimony of both Allan and Deborah Culver and then concluded that there was no delivery of the deed because: (1) Culver merely presented an unrecordable deed to the clerk of court (*see also* Mem. of Law in Supp. of Pl.'s Mot. to Alter or Amend Findings of Fact and J. at 5); and (2) Culver "failed to establish his intent to deliver an interest in the property to his wife." (Order 11/13/01; Resp. to Mot. for Stay of Order Pending Appeal at 2–4). As of this date, Culver has submitted nothing likely to persuade this court that Judge Derby's findings of fact were clearly erroneous. *See* FED. R. BANKR. P. 8013.

7. The automatic stay halts any actions against the property of the estate, defined, in part, as "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C.A. §§ 362, 541 (2002).

Marital property is merely a term created by the legislature to describe the status of property acquired during the marriage, however titled (as defined in Md. Family Law Code Ann. § 8–201(e) (1984)), title to which may have given rise to a potential inequity, upon dissolution of the marriage. That inequity, conceptually, may be corrected via a different legislative creature called the "monetary award." Thus, the only function of "marital property" is to form a base for a "monetary award." The legislature never intended that either spouse could have a legal *interest* in the "marital property" of the other since it merely intended to cure the title created inequity through the issuance of a "monetary award."

*Falise v. Falise,* 63 Md.App. 574, 493 A.2d 385, 388 (1985) (emphasis in original); *see also, Herget v. Herget,* 319 Md. 466, 573 A.2d 798, 800 (1990). As such, Maryland law suggests that merely an unvested right to an equitable distribution of marital property is not a legal or equitable interest in that property under section 541 sufficient to invoke the automatic stay. Culver, therefore, has not carried his burden of showing that there is a likelihood of success on the merits on this aspect of his appeal.

▪ Similarly, Culver merely asserted, without more, that Deborah Culver's physical possession of the property on the date she filed for bankruptcy is a sufficient interest in property under section 541 to trigger the automatic stay. (Mem. of Law in Supp. of Stay Pending Appeal at 6). Whether the debtor has an interest in property is determined by non-bankruptcy law. WILLIAM L. NORTON, JR., NORTON BANKRUPTCY LAW AND PRACTICE 51:5 (2d ed.2002) (citing *Butner v. United States,* 440 U.S. 48, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979)). Culver has not identified any

body of Maryland law recognizing that a mere possessory interest in property is sufficient to invoke the automatic stay. *Cf. In re Ford,* 3 B.R. 559, 565 (Bankr.Md. 1980), *aff'd,* 638 F.2d 14 (4th Cir.1981) (holding that a debtor's interest in a tenancy by the entirety is property of the bankruptcy estate under section 541 because of debtor's undivided present interests in the use, possession, income and right of survivorship of the property). Thus, Culver has not met his burden of demonstrating that there is a likelihood of success on this basis.

▪ In addition, Culver has not satisfied his burden of showing that the interests of the public and the other parties to this case would be served by an order to stay pending appeal. The foreclosure sale occurred well over three years ago and the bankruptcy court first granted relief to the trustees in November 2001. The trustees already have endured numerous bankruptcy filings, a motion to alter or amend judgment, and two stays. This court is satisfied that the trustees may be substantially harmed by any further delay. The public interest may also be well served by permitting creditors to enforce their orders.

A separate Order follows.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. appellant Allan J. Culver, Jr.'s Motion to District Court for Stay of Order Pending Appeal (Docket No. 1) is **DENIED;**

2. copies of this Order and the accompanying Memorandum shall be sent to Mr. Culver and counsel of record; and

3. the clerk of the court shall **CLOSE** this case.

### ORDER

For the reasons stated in the accompanying Memorandum, it is hereby Ordered that:

1. appellant Allan J. Culver, Jr.'s Motion for Enlargement of Time to File Brief and Appendix (Docket No. 5) is **GRANTED**, and Culver may submit his brief no later than October 18, 2002; and

2. copies of this Order and the accompanying Memorandum shall be sent to Mr. Culver and counsel of record.