**In re Antonio E. GARCIA, Debtor.**

**Antonio E. Garcia, Appellant**

**v.**

**Direct Financial Services LLC, Appellee.**

**No. 10–70593.**

United States Bankruptcy Court, W.D. Virginia, Roanoke Division.

Sept. 21, 2010.

William J. Charboneau, Magee Goldstein Lasky & Sayers, P.C., Roanoke, VA, for Debtor.

## DECISION AND ORDER

ROSS W. KRUMM, Bankruptcy Judge.

At Roanoke in said District this 21st day of September, 2010:

A hearing was held on September 14, 2010, to consider the Debtor's Emergency Motion to Stay Pending Appeal (hereafter the "Motion for Stay") filed on August 24, 2010 and the Debtor's Motion to Shorten Notice on the Emergency Motion to Stay Pending Appeal (hereafter the "Motion to Shorten Notice"), filed on August 24, 2010. After considering the evidence offered and the arguments of counsel for the parties the Court made findings of fact and rulings of law on the record which determined that the Motion to Shorten notice should be granted and that the Motion for Stay was not supported by the evidence when applied to the controlling Fourth Circuit authority setting forth the criteria for consideration of a motion to stay pending appeal. The Court held, pursuant to Federal Rule of Bankruptcy Procedure 8005, that a stay pending appeal is warranted in this case only upon the conditions set forth on the record and memorialized in this Decision and Order.

### Findings of Fact

On May 20, 2010, Direct Financial Services LLC (hereafter "Direct Financial") filed a Motion for Relief From the Automatic Stay (hereafter the "Motion for Relief"). On May 21, 2010, the Court entered a Pre–Hearing Order for the Motion for Relief. The Court sent the Pre–Hearing Order via first class mail to the address provided on the Debtors' mailing matrix filed with the Court with their Petition for Relief under the Bankruptcy Code, 95 Oak Ridge Road, Union Hall VA 24176.[1] The Pre–Hearing Order directed the Debtor to file a responsive pleading to the Motion for Relief within fourteen (14) days from the date of the Pre–Hearing Order if the Debtor chose to oppose the relief sought in the Motion for Relief.[2] The Pre–Hearing Order also informed the Debtor that a failure to file a responsive pleading in the time provided would result in the Debtor's

---

1. Docket No. 23, BNC Certificate of Mailing: Pre–Hearing Order re: Motion for Relief From Stay, *In re Garcia*, No. 10–70593 (Bankr.W.D.Va. May 23, 2010).

2. Docket No. 21, ORDER (Pre–Hearing) in Relief From Stay Motion, *In re Garcia*, No. 10–70593 (Bankr.W.D.Va. May 21, 2010).

waiver of further notice or opportunity to be heard, and the entry of a default judgment against the Debtor on request of Direct Financial.[3] The Debtor failed to timely file a responsive pleading. On June 8, 2010, a Default Order was entered granting the Motion for Relief.

On June 18, 2010, the Debtor filed a Motion to Reconsider the Default Order Granting the Motion for Relief (hereafter the "Motion to Reconsider"). On July 13, 2010, a hearing was held to consider the Motion to Reconsider. On July 15, 2010, an Order was entered denying the Motion to Reconsider. On July 29, 2010, the Debtor filed a Notice of Filing Appeal. On August 2, 2010, the Debtor filed his Amended Notice of Filing Appeal. On August 3, 2010, the Debtor filed his Third Amended Notice of Filing Appeal. On August 4, 2010, the Debtor filed his Fourth Amended Notice of Filing Appeal. In the Fourth Amended Notice of Filing Appeal the Debtor states that he seeks relief from the June 8, 2010 Order Granting Relief from the Automatic Stay and July 15, 2010 Order Denying the Motion to Vacate Default Order Entered June 8, 2010.[4]

On August 23, 2010, the United States District Court for the Western District of Virginia (hereafter the "District Court"), the Honorable Glen E. Conrad presiding, heard the Debtor's Emergency Motion to Stay Pending Appeal and remanded the Debtor's Emergency Motion to Stay Pending Appeal back to this Court for consideration regarding whether to grant the stay pending appeal.

### Conclusions of Law

#### I. Applicable Law Regarding Motions for Stay Pending Appeal

■ *Continental Securities Corp. v. Shenandoah Nursing Home Partnership,* 188 B.R. 205, 208 (W.D.Va.1995) holds that "the Fourth Circuit requires a parting seeking a stay [pending appeal] to meet the same criteria movants for a preliminary injunction must meet in seeking their relief." *See also, In re Convenience USA, Inc.,* 290 B.R. 558, 561 (Bankr.M.D.N.C. 2003) (holding that "[a] motion for a staying pending appeal is in a sense seeking injunctive relief because the movant is asking that an event be halted, i.e., that the court order that a judgment or order not go into effect. Because of this similarity, the standards which have been adopted for the granting of a stay pending appeal are essentially the same as those required for the issuance of a preliminary injunction.")

#### II. Standard for Granting Preliminary Injunctions

The standard for granting a preliminary injunction in the Fourth Circuit was formerly articulated in *Blackwelder Furniture Co. of Statesville v. Seilig Manufacturing Co.,* 550 F.2d 189 (4th Cir.1977). However, *Real Truth About Obama, Inc. v. Federal Election Commission,* 575 F.3d 342, 347 (4th Cir.2009)[5] held that in light of *Winter v. Natural Resources Defense Council, Inc.,* —— U.S. ——, 129 S.Ct. 365,

---

3. *Id.*

4. Docket No. 87, Amended Notice of Filing Appeal, *In re Garcia,* No. 10–70593 (Bankr. W.D.Va. August 4, 2010).

5. The full citation for this case is *Real Truth About Obama, Inc. v. Federal Election Commission,* 575 F.3d 342 (4th Cir.2009) *vacated and remanded,* —— U.S. ——, 130 S.Ct. 2371,

176 L.Ed.2d 764, *standard for preliminary injunctions set forth in 575 F.3d 342 restated,* 607 F.3d 355. Since the standard for granting preliminary injunctions found in the original Fourth Circuit decision was restated by the Fourth Circuit Court of Appeals without modification this Court will use the citation for the original decision for purposes of clarity and convenience.

172 L.Ed.2d 249 (2008) the standard set forth in *Blackwelder* "may no longer be applied in granting or denying preliminary injunctions in the Fourth Circuit." In place of *Blackwelder*, *Real Truth About Obama* adopted the standard for granting preliminary injunctions set forth in *Winter*. *Real Truth About Obama*, 575 F.3d at 347.[6]

■ The *Winter* standard states that the moving party must establish "[1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3]

that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 129 S.Ct. at 374. All four requirements must be met. *Id.* The Court will now address each element's application to the case at bar.

### A. Likelihood of Success on Appeal

■ As stated in *Real Truth About Obama*, the *Winter* standard requires the movant seeking relief to "make a clear showing that it will likely succeed on the merits at trial." *Real Truth About Obama*, 575 F.3d at 346. In cases where the

---

**6.** In addressing the difference between the *Winter* standard and the *Blackwelder* standard the court in *Real Truth About Obama* found the following differences most persuasive:

First, the Supreme Court in *Winter*, recognizing that a preliminary injunction affords relief before trial, requires that the plaintiff make a clear showing that it will likely succeed on the merits at trial. 129 S.Ct. at 374, 376. Yet in *Blackwelder*, we instructed that the likelihood-of-success requirement be considered, if at all, only after a balancing of hardships is conducted and then only under the relaxed standard of showing that "grave or serious questions are presented" for litigation. 550 F.2d at 195–96 (emphasis added); see also *Rum Creek Coal*, 926 F.2d at 363. The *Winter* requirement that the plaintiff clearly demonstrate that it will likely succeed on the merits is far stricter than the *Blackwelder* requirement that the plaintiff demonstrate only a grave or serious question for litigation.

Second, *Winter* requires that the plaintiff make a clear showing that it is likely to be irreparably harmed absent preliminary relief. 129 S.Ct. at 374–76. *Blackwelder*, on the other hand, requires that the court balance the irreparable harm to the respective parties, requiring only that the harm to the plaintiff outweigh the harm to the defendant. 550 F.2d at 196. Moreover, *Blackwelder* allows that upon a strong showing on the probability of success, the moving party may demonstrate only a possibility of irreparable injury, *id.* at 195–a standard explicitly rejected in *Winter*, 129 S.Ct. at 375–76.

Third, in *Winter*, the Supreme Court emphasized the public interest requirement, stating, "In exercising their sound discretion, courts of equity should pay particular regard for the public consequences in employing the extraordinary remedy of injunction." 129 S.Ct. at 376–77 (emphasis added) (internal quotations marks and citation omitted). Yet, under the *Blackwelder* standard, the public interest requirement "does not appear always to be considered at length in preliminary injunction analyses," even though it must always be considered. *Rum Creek Coal*, 926 F.2d at 366–67; see also *Blackwelder*, 550 F.2d at 196.

Fourth, while *Winter* articulates four requirements, each of which must be satisfied as articulated, *Blackwelder* allows requirements to be conditionally redefined as other requirements are more fully satisfied so that "grant[ing] or deny[ing] a preliminary injunction depends upon a 'flexible interplay' among all the factors considered … for all four [factors] are intertwined and each affects in degree all the others." 550 F.2d at 196. Thus, as an example, the court in *Blackwelder* observed:

The two more important factors are those of probable irreparable injury to plaintiff without a decree and of likely harm to the defendant with a decree. If that balance is struck in favor of plaintiff, it is enough that grave or serious questions are presented; and plaintiff need not show a likelihood of success.

550 F.2d at 196 (emphasis added).

*Real Truth About Obama*, 575 F.3d at 346–47.

relief sought is a stay pending appeal *In re Williams*, 2010 WL 785816, *2 (Bankr. E.D.N.C. Mar.3, 2010) interprets this requirement to mean that the movant must show that he is likely to succeed on the merits of the appeal.

In the case at bar, the matter on appeal is the ruling of this Court that the Debtor was not entitled to have the Default Judgment vacated based upon his assertion that he did not receive the Pre–Hearing Order.[7] For purposes of determining whether to grant the Motion for Stay, the Debtor will have to make a clear showing to this Court that he is likely to convince the District Court that this Court either committed clear error in its findings of fact, or misapplied the relevant law. *See In re Gregory & Joyce Williams*, 2010 WL 3292812 (W.D.Va. Aug.19, 2010) (C.J. Conrad). The Debtor did not produce any evidence that would clearly show that he is likely to meet either of these standards and thereby succeed in his appeal. Therefore, the Court finds that the Debtor has failed to meet the first element of the *Winter* standard. As stated in *Winter* a failure to satisfy all four requirements is fatal to a movant's request for a stay pending appeal.

### B. Likelihood of Irreparable Harm

*Winter* requires the movant to make a clear showing that he is likely to suffer irreparable harm if the relief requested is not granted. In cases in which the relief requested is a stay pending appeal, this requirement is to read to mean that the movant must make a clear showing that he is likely to suffer irreparable harm if the stay pending appeal is not granted.

In this case, the Default Judgment granted Direct Financial relief from the automatic stay to pursue its rights with respect to five vehicles located in North Carolina which serve as the collateral for the loan between Direct Financial and the Debtor. The Debtor testified that these vehicles are owned by a corporate entity from which he derives his income as the entity's sole owner and president. The Debtor stated that these vehicles are vital to the corporate entity's courier/delivery business. The Debtor stated that if the stay pending appeal was not granted and Direct Financial was able to repossess the vehicles the corporate entity would lose approximately thirty percent of its business. The Debtor speculated that this loss in business for the corporate entity would negatively impact how much compensation he would be able to pay himself. The Debtor stated that this loss in income would cause irreparable harm for the Debtor and his bankruptcy case.

The Debtor's uncontroverted testimony regarding the potential loss in earnings, though speculative, does show some indication of irreparable harm for purposes of the *Winter* factors.

### C. Equities Tip in the Debtor's Favor and that a Stay Pending Appeal is in the Public Interest

*Winter* requires movants to demonstrate "that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter*, 129 S.Ct. at 374. The Debtor has not provided any evidence with regards to either of these factors. Accordingly, the Court finds that the Debtor has not satisfied these two factors.

---

7. Specifically, the matter on appeal is whether the Court properly found that the Debtor did not rebut the presumption that once the Pre–Hearing Order is mailed it is presumed delivered by virtue of the fact that it was mailed to the proper address. *See Rosenthal v. Walker*, 111 U.S. 185, 193, 4 S.Ct. 382, 28 L.Ed. 395 (1884) ("The rule is well settled that if a letter properly directed is proved to have been either put into the post-office or delivered to the postman, it is presumed, from the known course of business in the post-office department, that it reached its destination at the regular time, and was received by the person to whom it was addressed.")

### III. Conclusion Regarding the Motion for Stay Pending Appeal

For the aforementioned reasons the Court finds that the Debtor failed to satisfy all four factors set forth in *Winter* and therefore, is not entitled to a stay pending appeal. Thus, the Motion for Stay Pending Appeal should denied unless the Debtors can post an appropriate supersedeas bond and comply with other conditions imposed by the Court for stay of its ruling.

### IV. Imposition of a Supersedeas Bond

Fed. R. Bankr.P. 8005 permits a bankruptcy court to make "any other appropriate order during the pendency of an appeal on such terms as will protect the rights of all parties in interest." Pursuant to Rule 8005 the Court finds it appropriate to impose a stay pending appeal on all matters related to the Court's denial of the Motion to Reconsider conditioned upon the occurrence of two events.

The first condition is that by October 1, 2010 at 4:30 p.m. the Debtor must certify to this Court that the Debtor has posted a supersedeas bond in favor of Direct Financial with either corporate surety, approved by the Clerk of the Bankruptcy Court, or collected funds in the amount of $75,000.00. The amount of the bond is designed to encompass the amount of indebtedness owed to Direct Financial, approximately $62,000.00, and the costs to which Direct Financial would be entitled under its contract secured by the 5 vehicles.

The second condition is that by October 1, 2010 at 4:30 p.m. the Debtor must provide proof of insurance on the five vehicles which collateralize the indebtedness owed to Direct Financial. The proof of insurance must name Direct Financial as an additional insured.

Failure to comply with either condition will result in termination of the stay pending appeal and permit Direct Financial to pursue its rights under North Carolina law and the terms of its contracts. Accordingly, it is

### ORDERED

That the Debtor's Motion to Shorten Notice on the Emergency Motion for Stay Pending Appeal is hereby **GRANTED**. It is,

### FURTHER ORDERED

That the Debtor's Emergency Motion for Stay Pending Appeal is granted to October 1, 2010 at 4:30 p.m. and will remain in full force and effect thereafter only upon the Debtors' compliance with the conditions stated herein.

Copies of this Order are directed to be sent to counsel for the Debtor, Harry W. Brown, Esq., and to counsel for Direct Financial Services, LLC, Steven L. Higgs, Esquire.