IN RE: Dean T. MAY, Debtor

PNC Bank, National Assoc., Movant

v.

Dean T. May, Respondent

Case No. 15–24573–TJC

United States Bankruptcy Court,
D. Maryland,
at Greenbelt.

Signed: February 17, 2016

Entered: February 18, 2016

George R. Roles, Russack Associates LLC, Annapolis, MD, for Debtor.

### MEMORANDUM AND ORDER DENYING MOTION TO RECONSIDER

E. STEPHEN DERBY, U.S. BANKRUPTCY JUDGE

Before the court is a motion to reconsider an order terminating the automatic stay filed by the debtor Dean T. May (ECF 35) and the opposition filed by the creditor PNC Bank, National Association (ECF 38). The order at issue [1] was entered after the court held a hearing on the creditor's motion to annul the automatic stay and to validate publication of an order nisi on real property described as 114 Wye Knot Court, Queenstown, Maryland, and on the opposition filed by the debtor. *See* ECF 12 and 29. For the reasons stated on the record, relying on *In re Denny*, 242 B.R. 593 (Bankr.D.Md.1999), the court terminated the automatic stay on December 23, 2015, and allowed the creditor to proceed with post-foreclosure ratification actions. *See* ECF 31 and 32.

Pursuant to 11 U.S.C. § 362(a), the automatic stay commenced upon the debtor's filing of a petition under chapter 13 on October 21, 2015. Prior to the bankruptcy filing, on September 21, 2015, the creditor conducted a foreclosure sale on the debtor's real property. Thus, the automatic stay halted the ratification process of the foreclosure sale. The creditor's motion for relief relied on *In re Denny, supra,* and it asserted that the real property is not part of the bankruptcy estate and that the debtor has a bare thread of an interest in the real property. *See* ECF 12 at ¶ 12. In his opposition, the debtor did not dispute that a foreclosure sale occurred prepetition, but he stated that the creditor's reliance on *In re Denny* was flawed and that the debtor was prepared to cure all mortgage arrears in a chapter 13 plan of reorganization. The debtor and his counsel failed to appear at the hearing on the motion for relief from stay to argue this position. *See* ECF 31.

In the debtor's motion to reconsider, he contends that *Ocwen Loan Servicing v.*

---

1. The court notes that there is a scrivener's error in the subject order (ECF 32). The title states "Order Granting Motion To Annul The Automatic Stay And To Validate Publication of Order *Nisi* ". However, the decretal paragraph in the order states that "the Automatic Stay imposed by 11 U.S.C. § 362 is hereby terminated. . . . " In its oral ruling, the court stated on the record that it would enter an order terminating the automatic stay, and not granting annulment of the stay. *See* ECF 31. Thus, the court will enter an order amending the title to properly reflect the court's ruling and to correct the error.

Kameni ("In re Kameni"), 2014 WL 3563658 (D.Md.2014), aff'd per curiam, 589 Fed.Appx. 145 (4th Cir.2015) and In re Konowitz, 905 F.2d 55 (4th Cir.1990) have effectively overruled the law established in In re Denny. These are the same arguments made in the opposition to the creditor's motion for relief. See ECF 29 and 35. The court disagrees with this argument. In re Denny, along with the often-cited case of In re De Souza, 135 B.R. 793 (Bankr.D.Md.1992), have been well-established case law in this district. The court held in In re De Souza that the bankruptcy court did not have authority to invalidate a prepetition foreclosure sale.

> [U]pon a successful bid at foreclosure, equitable title vested in [the buyer], and all [ debtor] retained was possession, bare legal title, and the right to object at the ratification proceeding to irregularities in the conduct of the sale or the validity of the mortgage. This remaining interest in debtor nevertheless necessitates the filing of a motion for relief from the automatic stay. See In re Pagoda International, Inc., 26 B.R. 18 (Bankr.D.Md.1982), and cases cited therein, for the proposition that the interest in the debtor remaining after severance of the title, albeit a scintilla, suffices to trigger the protection of § 362(a).

In re De Souza, 135 B.R. at 795–769. Similarly, in the case of In re Denny, the issue before the court was whether to grant relief from the automatic stay to allow ratification of a prepetition foreclosure sale of the debtor's home in a chapter 13 bankruptcy. The court concluded that a foreclosure occurs " 'when the gavel

falls,' and that the debtor has no right thereafter to cure a default under Section 1322." In re Denny, 242 B.R. at 594. The court further explained that

> [T]he foreclosure law of that state is the relevant nonbankruptcy law. Debtor has made no assertion that the sale was improperly noticed, or that there was some defect in the mortgage documents. Rather, she maintains that the sale is incomplete, because it has not yet been ratified. This fact is of no moment because under Maryland law, unlike other states, debtor has no additional time to redeem the property after the auction. De Souza at 796. Instead, upon the successful bid by [the buyer] at foreclosure, equitable title vested in him, and he, therefore, possessed the equitable right to legal title upon ratification and payment of the amount bid at auction. The trustee under the deed of trust retained bare legal title, subject to [the buyer] equitable title, and the debtor thereafter held only the right to object at the ratification proceeding to irregularities in the conduct of the sale or validity of the mortgage. Id. at 795–96.

In re Denny, 242 B.R. at 597 (footnote omitted).

At the hearing held on December 15, 2015, the court opined that In re Kameni was distinguishable from, and reconcilable with In re Denny.[2] Thus, In re Denny remains good law in Maryland and is applicable to the instant motion. The relief granted, namely, relief from the automatic stay, not annulment of the stay, will protect the debtor's right under Maryland law to raise any objections he may have to

---

**2.** The facts and issues of In re Kameni are different from the facts and issues in the instant case. There, the issue was whether the bankruptcy court had the authority to invalidate a postpetition foreclosure sale and impose the automatic stay as provided by 11 U.S.C. § 362(c)(4)(C) to halt the foreclosure

process. The district court affirmed the decision of the bankruptcy court to impose the automatic stay nunc pro tunc, and the Court of Appeals for the Fourth Circuit affirmed the decision. Neither decision addressed the well-established holdings of In re Denny or In re De Souza.

ratification of the sale, which occurred prior to the bankruptcy filing.

As to *In re Konowitz,* the case is distinguishable from *In re Denny* because, *inter alia,* the foreclosure sale in *In re Konowitz* occurred after the bankruptcy filing in violation of the automatic stay, not prepetition as in the instant case. The issue there was whether a trustee may avoid the transfer of real property under 11 U.S.C. § 549, and not, as here, whether the automatic stay should be lifted under § 362. It was also decided in 1990, before *De Souza* (1992) and *Denny* (1999) and thus cannot be said to overrule these subsequent opinions.

The relief granted in this proceeding was not to annul the stay, as requested. It was to lift the stay for the limited purpose of allowing the ratification process to continue to determine finally in State court Debtor's rights in the property under Maryland law. Thereafter, the bankruptcy court may address how to deal with those rights in this bankruptcy case.

Accordingly, under Fed.R.Civ.P. 52, 59, and 60, applicable here by Fed. R. Bankr.P. 7052, 9023, and 9024, the court does not find grounds to amend or vacate its prior ruling.

Therefore, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the motion for reconsideration (ECF 35) is denied.

SO ORDERED