**IN RE: Glenn D. SCHWEIGER, Debtor.**

**Case No. 17–19857–DER**

United States Bankruptcy Court,
D. Maryland,
(Baltimore Division).

Signed 12/11/2017

Michael P. Coyle, Esq., The Coyle Law Group LLC, 6700 Alexander Bell Drive, Suite 200, Columbia, Maryland 21046, Attorney for the Debtor, Glenn D. Schweiger.

Nancy Spencer Grigsby, 185 Admiral Cochrane Drive, Suite 240, Annapolis, Maryland 21401, Chapter 13 Trustee.

Nancy Spencer Grigsby, 185 Admiral Cochrane Drive, Suite 240, Annapolis, Maryland 21401, Chapter 13 Trustee.

## OPINION AND ORDER DENYING STAY PENDING APPEAL

DAVID E. RICE, U. S. BANKRUPTCY JUDGE

The matter now before the court for decision is the Motion for Stay Pending Appeal ("the "Motion") filed on November 22, 2017 by the debtor, Glenn David Schweiger (the "Debtor"), and the response thereto filed on December 7, 2017 by MidFirst Bank (the "Bank"). On October 30, 2017, this court entered an order that granted the Bank's motion for relief from the automatic stay to continue foreclosure proceedings in the Circuit Court

for Baltimore City, Maryland against the Debtor's residence at 4421 Shamrock Avenue, Baltimore, Maryland 21206 (the "Property"). Dissatisfied with that order, the Debtor filed a timely appeal to the United States District Court for the District of Maryland, and now asks this court to stay the effect of the order pending the outcome of his appeal. The positions of the parties are well stated in their pleadings, and no hearing is necessary or required to assist the court in deciding the issues presented.

The court has subject matter jurisdiction over this proceeding under 28 U.S.C. § 1334, 28 U.S.C. § 157(a), Local Rule 402 of the United States District Court for the District of Maryland, and Rule 8007 of the Federal Rules of Bankruptcy Procedure. This is a "core proceeding" under 28 U.S.C. § 157(b)(2)(G).

The facts relevant to disposition of the Motion are not in dispute. The Bank is the holder of a promissory note made by the Debtor. By reason of a recorded deed of trust, the Debtor's obligations to the Bank under the note are secured by the Property. The Debtor defaulted on payments due under the note and the Bank commenced foreclosure proceedings in the Circuit Court against the Property. The substitute trustees conducted a foreclosure sale of the Property pursuant to the deed of trust on July 20, 2017, at which the Bank was the high bidder and purchased the Property for $57,760.00. Later that same day, the Debtor filed a voluntary petition in this court seeking relief under Chapter 7 of the Bankruptcy Code (Title 11 of the United States Code). As a result, further foreclosure proceedings were automatically stayed under 11 U.S.C. § 362(a).

After the Bank filed its motion for relief from stay, the court entered an order on September 28, 2017 that granted the Debtor's motion to convert this case to one under Chapter 13 of the Bankruptcy Code. The court conducted an evidentiary hearing on the Motion on October 16, 2017. At the conclusion of the hearing, this court found that there was cause under 11 U.S.C. § 362(d) to terminate the automatic stay to permit the Bank to continue prosecution of the foreclosure proceedings against the Property in the Circuit Court because the foreclosure sale had been knocked down at auction (thereby foreclosing the Debtor's equity of redemption) before the Debtor's bankruptcy petition was filed.

It is well-settled that under Rule 8007 the burden is on the movant to establish grounds for entry of a stay pending appeal. *Culver v. Boozer*, 285 B.R. 163 (D. Md. 2002) (stay pending appeal denied because the movant did not carry his burden). As stated by Judge Blake in *Culver*, the party moving for a stay pending appeal "must show: (1) that he will likely prevail on the merits of the appeal; (2) that he will suffer irreparable injury if the stay is denied; (3) that other parties will not be substantially harmed by the stay; and (4) that the public interest will be served by granting the stay." *Id.* at 166 (citing *Long v. Robinson*, 432 F.2d 977, 979 (4th Cir. 1970)). *See also, In re Symington*, 211 B.R. 520, 522 (Bankr. D. Md. 1997) (a stay pending appeal is extraordinary relief).

The factors applied in *Long v. Robinson* were the same ones applied by the Fourth Circuit with respect to a court's determination of whether to issue a preliminary injunction. Thus, courts in the Fourth Circuit have held—like Judge Blake in *Culver*—that the preliminary injunction standard applies to issuance of a stay pending appeal. *In re Convenience USA, Inc.*, 290 B.R. 558, 561 (Bankr. M.D.N.C. 2003); *Continental Securities Corp. v. Shenandoah Nursing Home P'ship*, 188 B.R. 205, 208 (W.D. Va. 1995); *In re Tolco Proper-*

*ties, Inc.*, 6 B.R. 490, 491 (Bankr. E.D. Va. 1980).

After the Supreme Court's decision in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 129 S.Ct. 365, 172 L.Ed.2d 249 (2008), the Fourth Circuit held that a movant seeking a preliminary injunction "must establish 'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *The Real Truth About Obama, Inc. v. FEC*, 575 F.3d 342, 346 (4th Cir. 2009), *vacated on other grounds*, 559 U.S. 1089, 130 S.Ct. 2371, 176 L.Ed.2d 764 (2010).

Significantly, in discussing the application of *Winter* the Fourth Circuit stated that a party requesting a preliminary injunction must "make a clear showing that it will likely succeed on the merits." *Id.* at 345. Although the Fourth Circuit has not yet addressed the application of *Winter* to a stay pending appeal, other courts in the circuit have held that the *Winter* standard applies to the determination of whether to grant a stay pending appeal. *Garcia v. Direct Financial Services LLC*, 436 B.R. 825 (Bankr. W.D. Va. 2010); *In re Forest Grove, LLC*, 448 B.R. 729 (Bankr. D.S.C. 2011). *See also, Rose v. Logan*, 2014 WL 3616380 at *2 (D. Md., July 21, 2014) ("The *Real Truth* test is also more difficult to satisfy than the *Long* test because the movant must satisfy all four requirements."). Regardless of which standard is applicable in the Fourth Circuit, the debtor has not met his burden.

■ With respect to likelihood of success on the merits of his appeal, the Debtor relies on the Second Circuit's "substantial possibility, although less than a likelihood, of success" standard adopted in *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993). This standard is not applicable in the Fourth Circuit and is not consistent with either *Long v. Robinson* or *Real Truth About Obama*, which require this court to apply a more stringent test. Even if this lower standard of success were applicable here (which it is not), the Debtor has not demonstrated a possibility of success on the merits. The lynchpin of the Debtor's argument in the Motion (as it was at the hearing before this court on the Bank's motion for relief from stay) is that a ruling in his favor is mandated by the Fourth Circuit's unpublished *per curiam* opinion in *Kameni v. Ocwen Loan Servicing*, 589 Fed.Appx. 145 (4th Cir. 2015), which he characterizes as the "governing law" in this district.

■ *Kameni* is neither controlling nor persuasive authority in support of the Debtor's argument on success on the merits. First, the *Kameni* opinion (like all those that preceded it in the lower courts) was not published and therefore is not binding precedent in this circuit. *Id.* ("Unpublished opinions are not binding precedent in this circuit."). Second, *Kameni* involved different factual circumstances and is thus not applicable here.[1] I agree with the views expressed in *In re May*, 546 B.R. 639 (Bankr. D. Md. 2016). As stated in *May*, in this district it has long been the law that (i) the bankruptcy court lacks authority to invalidate a prepetition foreclosure sale, and (ii) once the gavel falls a

---

1. In *Kameni* the foreclosure sale was conducted *after* the debtor's bankruptcy petition was filed, but in that case the stay did not go into effect automatically by reason of 11 U.S.C. § 362(c)(4). In that instance, the bankruptcy court imposed the automatic stay retroactive-ly to the petition date—thereby invalidating a post-petition foreclosure sale. In the case now before this court, the automatic stay went into effect on the petition date, but had no effect on the validity of the foreclosure sale conducted *before* the petition was filed.

debtor's rights are limited to contesting ratification in state court. *Id.* at 641 (relying on *In re Denny*, 242 B.R. 593 (Bankr. D. Md. 1999), and *In re De Souza*, 135 B.R. 793 (Bankr. D. Md. 1992)).[2] Thus, I conclude that the Debtor has not demonstrated that he has a substantial possibility of success on the merits of his appeal.

That being the case, the court would be required to deny the Motion if the more difficult *Real Truth About Obama* test is applicable (which would require the Debtor to make a clear showing that he will likely succeed on the merits). Even if the less difficult *Long v. Robinson* test is applicable, however, the court must deny the Motion. I have considered the other three factors, and conclude they likewise do not dictate entry of a stay pending appeal. The Debtor will not suffer irreparable injury if the foreclosure proceedings continue; he retains all his rights under Maryland law to contest ratification of the sale of the Property. The Debtor has not shown that the Bank will not be substantially harmed by a stay pending appeal; the Debtor's schedules list the value of the Property as less than his debt to the Bank and the Debtor did not introduce any evidence at the hearing (or provide any in support of the Motion) that would indicate that the Bank will be adequately protected if the foreclosure proceedings are stayed.[3] Lastly, I do not believe the public interest will be served by granting a stay in this instance; when a foreclosure sale has been knocked down at auction before the filing of a bankruptcy petition, the public interest is served not by additional delay, but by a prompt resolution of the ratification process.

ACCORDINGLY, after due deliberation and for the reasons stated above, it is, by the United States Bankruptcy Court for the District of Maryland,

ORDERED, that the Debtor's Motion to Stay Order Granting Relief from Automatic Stay Pending Appeal should be, and it hereby is, DENIED.

**SO ORDERED**

2. At the hearing on the Bank's motion for relief from stay, the Debtor argued (as he does again in the Motion) that *Denny* and *May* are not good law because those decisions relied upon *De Souza*, which was decided before Congress amended the Bankruptcy Code in 1994 to add § 1322(c). I disagree. In relevant part § 1322(c) provides

> Notwithstanding subsection (b)(2) and applicable nonbankruptcy law ... a default with respect to, or that gave rise to, a lien on the debtor's principal residence may be cured under paragraph (3) or (5) of subsection (b) *until such residence is sold at a foreclosure sale that is conducted in accordance with applicable nonbankruptcy law.*

11 U.S.C. § 1322(c)(1) (emphasis added). The Debtor relies on legislative history which he argues indicates that § 1322(c) was intended to overrule the Third Circuit's decision in *First Nat'l Fidelity Corp. v. Perry*, 945 F.2d 61 (3rd Cir. 1991). *Perry* involved application of New Jersey foreclosure law, which is different from that in Maryland where the sale is conducted and the debtor's equity of redemption is foreclosed and extinguished at the time the gavel falls at the auction sale. Thus, *Denny* and *May* are not flawed by reason of relying upon *De Souza.*

3. At a hearing on a motion for relief from stay under § 362(d)(1), a debtor has the burden of proof on the issue of lack of adequate protection. 11 U.S.C. § 362(g)(2). The Bank's motion alleged that "its security interest concerning the property is not adequately protected." The Debtor's response did not deny that allegation and the Debtor offered no evidence at the hearing on the issue of adequate protection; instead, he relied on the same legal arguments as those now made in the Motion.